Opinion of the court, by
Judge Hitchcock:
Previous to the year 1829 no costs could be recovered against-an executor or administrator, in a suit commenced against them, within the time limited by the law for the settlement of the estate of their testator or intestate. By the act of the 10th of February of that year, amendatory to the “ act defining the duties of executors and administrators,” 27 Stat. 68, provision is blade, that inaDy action upon contract, commenced against an executor or administrator, where the claim or demand shall have been presented and' rejected, the plaintiff shall be entitled to recover costs, provided the-action shall have been commenced after one year from the probate of the will, or the appointment of the administrator; and provided the claim shall *have been presented at least sixty days before suit be commenced. It is believed, however, that where the-action was commenced during the lifetime of the testator, or in *39 testate, and revived after his death, under the statute, against hi» personal representative, the common practice has been to render judgment for costs. As to the correctness of such practice, we are not aware that airy decision has been made by this court. It'is, to- say the least, doubtful, whether a correct construction of the statute would justify such a course. Without the statute the action would abate by the death of the party, and it is hardly to be supposed that the legislature, by permitting the action itself to survive, intended to place the plaintiff in any preferable situation as to costs, to that in which he would have been placed, by the commencement of a new suit. Further, in an action like the one now before the court, but for the statute, not only the action, but the cause of action would have died with the party.
Whatever doubt there might be, in this rpspect, under the act of 1824, there can be none under the statute now in force. In section 69 of the practice act, passed March 8, 1831, 29 Ohio L. 70, it is enacted, “that no suit or action,except those mentioned in section 62 of the same act, shall abate by the death of either of the parties. The actions thus mentioned are “actions for libel, slander, malicious prosecution, assault, or assault and battery, actions on the case for nuisance, or against justices of the peace for misconduct in office.” Section 68 of the same act provides, that after the executor or administrator is made party, “the cause shall be thereafter proceeded *n, and tried in the same manner, and such judgment be rendered therein, as if such suit or action had been, originally brought against such executor or administrator.” If this suit had been originally brought against the executrix, the judgment to be rendered would be a judgment for the damages, alone, without any costs.
It has been urged, however, that inasmuch as this suit was commenced previous to the passage of the act of March, 1831, the provisions of that act can not be taken into consideration in the decision of this question, but that the same must be decided With reference to the pre-existing laws. A*majority of the court are of a different opinion. Section 120 of this act repeals the practice, act of February 18, 1824, and all laws amendatory thereto, saving, however, to all persons, “ all rights acquired, and duties and obligations incurred under, or by virtue of” the repealed acts. The same section concludes as follows: “ And all actions, suits, causes, or matters, pending at the time this act shall take effect,, *40 may be prosecuted and defended, and carried into final judgment and execution, under the provisions of this act.” So far, then, as relates to the mode of practice, the judgment and execution, the intention of the legislature is manifest, that in all suits pending, as well as in those which might afterward be commenced, the principles of this act should govern. “ All rights acquired, duties ■or obligations incurred,” are saved, but nothing further.
What “rights ” had this plaintiff acquired at the time this law took effect? Certainly not the right to recover any specific sum in damages. The amount of damages, if any, were still to be ascertained by a jury. It is equally certain that he had acquired no right to any judgment for costs. This must depend upon the statute law in force at the time judgment should be rendered. Costs are unknown to the common law. They are given only by statute, and may be changed, or entirely taken away, at the will of the legislature. It is true, had there been an interlocutory order upon the defendant for the payment of any part of the costs, occurred at any stage of the proceedings, an “obligation” would have been “incurred” by the defendant to make such payment, .anda “right” would have been “acquired” by the plaintiff to •enforce it. But there is no such order. The only right, then, acquired by the plaintiff, is to have his case already instituted, tried, determined, and carried into judgment. Had the suit been commenced subsequent to June 1,1831, the time when the act of March ■of that year took effect, it would have died with the defendant. Under that statute, actions on the case for nuisance abate by the ■death of either party. They do. not survive. As, however, this .action was commenced previous to June, 1831, and during the existence of statutes, in virtue of which, such cause of action did survive, the plaintiff had acquired a right, which was ^secured to him by the saving clause of section 120 of the practice act before referred to, of having his action thus commenced, tried and •condemned. But it must be tried, determined, and carried into judgment, according to the law in force at the time of the trial. All other laws regulating the practice of the courts are then repealed, and that law precludes the plaintiff from the recovery of •costs. Judgment must, therefore, be entered for the amount of damages assessed, but without costs.
Judge Collet dissented.