CINCINNATI, M. & L. TRACTION CO. v. PHILOMENA FELIX.

1. "COSTS" SUBJECT OF LEGISLATIVE CREATION, REGULATION AND CONTROL.

Costs accruing in the litigation of an action are unknown to the common law, but are a subject of legislative creation only, and when so created the right to their allowance may be regulated, changed or entirely taken away, and in the exercise of such power the legislature may provide that in all cases of trial by jury the parties thereto shall pay, as a part of the costs, the fees of the jurors.

2. CORPORATIONS CAN ONLY EXERCISE RIGHT OF EMINENT DOMAIN SUBJECT TO BURDENS IMPOSED BY STATUTE.

Corporations do not possess, as a matter of right, the power to exercise the power of eminent domain but can only do so subject to the burdens imposed by the statute under which they proceed.

3. REQUIRING CORPORATION TO PAY JURY FEES IN APPROPRIATION CASES NO UNLAWFUL DISCRIMINATION—SECTION 6451 REV. STAT. CONSTITUTIONAL.

No unlawful discrimination is created between a corporation plaintiff in an appropriation proceeding under Sec. 6414 Rev. Stat. et seq. and the parties to other actions, by the provision of Sec. 6451 Rev. Stat. which provides that the fees and mileage of the jurors summoned and attending the hearing in such a proceeding shall be allowed and taxed as costs and "shall be adjudged against and paid by the corporation" commencing the proceeding, and which does not exempt from its operation any corporation similarly situated and proceeding thereunder, although in ordinary actions such fees are paid by the county treasurer or warrant of the county auditor. Said section is a law of a general nature having uniform operation throughout the state, within the meaning of Sec. 26, Art. 2 of the constitution, and is therefore valid.

Gordon, Granger & DeWitt and Charles W. Baker, for plaintiff.

John Nichols, and Ampt, Ireton & Collins, for defendant.

John Nichols, for defendant:

Section 6451 Rev. Stat. imposes no penalty or burden upon one suitor or class of suitors from which others similarly situated are exempt. McGill v. State, 34 Ohio St. 228, 237; Snell v. Railway Co. 60 Ohio St. 256 [54 N. E. Rep. 270].

GIFFEN, J.

It is claimed that the court erred in taxing the jury fees as a part of the costs to be paid by the plaintiff in the proceedings to appropriate private property, and assess the compensation therefor, for the reason that Sec. 6451 Rev. Stat. is unconstitutional and void.

In such proceedings under Chap. 8, Title 2 Rev. Stat., the right of trial by jury is provided for and unimpaired, except by the requirement

that the jury fees shall be paid as a part of the costs by the corporation seeking to appropriate the property.

"Costs are unknown to the common law. They are given only by statute, and may be changed, or entirely taken away, at the will of the legislature." Farrier v. Cairns, 5 Ohio 45, 47.

It would therefore be within the power of the legislature to provide that the parties in all jury trials should pay, as a part of the costs, the fees allowed by statute to the jury; and the only question then in this case is whether there is an unlawful discrimination against corporations, the jury fees in ordinary trials being paid by the county treasurer on the warrant of the county auditor?

Individuals may not invoke the power of eminent domain, and all private corporations that may resort to it are subject to the provisions of Sec. 6451 Rev. Stat., which imposes no burden upon one suitor or class of suitors from which others similarly situated are exempt. In the case of Snell v. Street Ry. Co. 60 Ohio St. 256 [54 N. E. Rep. 270], Judge Williams, delivering the opinion of the court, says, at page 267:

"It has never been regarded as essential to the validity of remedial procedure that it should be applicable in all its provisions to all persons or parties alike. Different situations and conditions often render appropriate and necessary different provisions, the necessity or propriety of which rests largely in the legislative discretion."

The case of Silberman v. Hay, 59 Ohio St. 582 [53 N. E. Rep. 258; 44 L. R. A. 264], cited by counsel for the plaintiff in error is not in point, as the statute under consideration in that case was held unconstitutional, not because it required a deposit of a certain sum of money for the benefit of the jury fund, but because it applied to Cuyahoga county alone, and being a law of a general nature, did not have uniform operation throughout the state.

In view of the extraordinary power of corporations to appropriate private property the legislature deemed it wise, in the event that the parties could not agree upon the compensation, and a jury was impaneled to ascertain the amount, that the cost thereof should be taxed against the corporation appropriating the land.

We think therefore that this section of the statutes is not in conflict with Sec. 26, Art. 2 of the constitution, and the judgment will be affirmed.