**MERKLE, Admr., Plaintiff-Appellant v. HADBEVNY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19286.   Decided December 6, 1943.

Robert Merkle, Cleveland, for plaintiff-appellant.

J. H. Read, Cleveland, and E. W. Valko, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

The plaintiff brings this action to this court on questions of law, from a judgment of the Common Pleas Court.

The plaintiff is the administrator de bonis non of the estate of John Kohoot, deceased. The action is against Anna Hadbevny who was the surety on the appeal bond of John Kulka.

John Kulka had been the administrator of the Kohoot estate. The appeal bond given by John Kulka was in an appeal he had prosecuted to the Common Pleas Court from an order of the Probate Court sustaining exceptions filed against his amended final account in the sum of $1986.76. In the trial

in the Probate Court on the exceptions, the matter was referred to a special master commissioner. The court allowed the master commissioner a fee of $300.00 and ordered it taxed as costs.

At the time the finding was made in the Probate Court against John Kulka, he was still the administrator of the Kohoot estate. The journal of the court setting forth the finding was as follows:

"That the said report (special master commissioner) be and it is hereby in all respects approved and confirmed; that said John W. Kulka, administrator of the estate of John Kohoot, deceased, pay to said estate forthwith the sum of $1986.76. It is further ordered that Winfield Worline, special master commissioner herein, be and he is hereby allowed as and for fees the sum of $300.00 which sum is hereby taxed as costs."

The taxing of the fee allowed as costs is in strict compliance with §10501-37 GC, which provides as follows:

"MASTER COMMISSIONERS: FEES: The probate court shall allow a special master commissioner such fees as are allowed for similar services to other officers, which shall be taxed with the costs."

This journal entry recorded the date of the hearing of these exceptions as the 19th day of April, 1935. On the 25th of April the record discloses that the special master commissioner filed an application for compensation and on that day the court by a journal entry allowed said fee of $300.00 and in part provided:

"* * * It is therefore by the court ordered that said special commissioner be and he is hereby allowed out of the estate of the deceased the sum of $300.00 as and for compensation in full for his services rendered in behalf of the estate."

The finding of the court against the administrator was by him appealed to the Common Pleas Court. The trial on the appeal in the Common Pleas Court resulted in the overruling of all of the exceptions to the final account of John W. Kulka as administrator except in one particular. The court found

that John W. Kulka had paid himself a fee of $500.00 in money instead of, as was ordered by the court, in passbooks. This made a difference to the estate of about $150.00. There was also an error discovered in addition of $77.00. So that the total indebtedness of Kulka as administrator de bonis non to the estate was found by the Common Pleas Court to be $227.00 which amount Kulka claims to have tendered to the plaintiff and his predecessor in office, but the evidence on this point, that is that the alleged tender was made, and the date when made leaves this question open to considerable doubt.

The journal entry of the Common Pleas Court in the appeal of Kulka from the finding of $1986.76 against him upon hearing of the exceptions taken to his final account by the Probate Court, which appeal resulted in a finding of only $227.00 against him, did not render judgment against Kulka for the costs. While this case was pending on appeal in the Common Pleas Court, Kulka resigned and the judgment of the Common Pleas Court was appealed to the Court of Appeals not by Kulka but by the exceptor and the new administrator of said estate, in which appeal the Court of Appeals affirmed the judgment of the Common Pleas Court.

The journal just referred to, provides, first, that because of errors in accounting the administrator is liable to the estate in the sum of $77.00; second, that the administrator is indebted to the estate in the sum of $500.00 drawn from the estate as fees, which such fees were allowed and should have been drawn in Tatra Savings & Loan Company passbooks; that the sum of $495.00 is allowed as fees in full for the services of the referee, which amount is ordered taxed as costs in the case; that $419.65 is allowed the court reporter in full for services in taking testimony and that said sum be taxed as costs in the case; that the finding against the administrator for the total amount of $577.00 which he was ordered to pay, is subject to set-off for the amount the estate received from the sale of the passbooks, to-wit, $350.00, thus leaving his indebtedness to the estate to be $227.00.

It is the contention of the plaintiff in the instant case that even though there is no judgment for costs, yet liability for the costs must follow the judgment. This contention is founded upon §11624 GC, which in part provides:

"When not otherwise provided by statute, costs shall be allowed, of course, to the plaintiff upon a judgment in his favor

in actions for the recovery of money only or of specific real or personal property * * *."

The right of a court to enforce the payment of costs against a litigant is founded entirely upon the statute. At common law costs were unknown; therefore, unless the right to assess costs has been created by statute, no such right exists.

In the case of **Farren v Cairns, 5 Ohio 45,** 2nd paragraph of the syllabus:

"Costs are unknown to the common law. They are given only by statute and may be charged or entirely taken away at the will of the legislators * * *."

Our attention has not been called to any provision of the probate code nor have we discovered one which provides for taxing of costs under facts like those in the instant case; that is where exceptions are filed by án heir to the final account of the administrator of a deceased ancestor's estate. **Section 10501-22 GC,** provides:

"In the exercise of jurisdiction, the probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided by law for the courts of common pleas and the judges thereof in vacation, so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court when there is no provision on the subject of this act."

The proceedings in which the probate court ordered Kulka as administrator de bonis non to account for certain monies, over and beyond what was accounted for in his final account, was not an action for money only. It was a special proceeding provided for by §10506-38 GC and §10509-170 GC and by §10509-179 GC, and the court was authorized to refer the matter to a special master commissioner for hearing. There being no appropriate section of the probate code to control the question of costs, we must look to the general statutes upon the subject.

**Section 11628 GC** provides as follows:

"In all other actions, the court may award and tax costs, and apportion them between the parties on the same or adverse sides, as it adjudges to be right and equitable."

This is, therefore, the section that has application here.

In the case of **In Re Raab's Estate, 16 Oh St 273,** there was before the court the question of costs involved in a trial seeking to modify the final account of an administrator. In the appeal to the common pleas court from the judgment of the probate court, the costs were ordered to be "paid out of the balance due the estate." Paragraph 2 of the syllabus provides:

"The costs of such proceeding may be awarded and taxed by the court 'as in its discretion it may think right and equitable' in analogy to the provisions of section 554 of the code." (Sec. 5351 Rev. Statutes) page 278 (§11628 GC).

And on page 278 the court said:

"There is, however, no statutory provision expressly applicable to the taxation of costs in proceedings of this kind. But the court is left to follow the obvious analogies of the law, and make such order, in relation thereto, as it may deem just and equitable 'having reference to the facts that appeared on the trial.' (38 O. L. 162, Sec. 96; 1 Curwen 708) S. & C. 584, Sec. (96) 94 (Sec. 6109 Rev. Stat.) Express provision is made for the code as to which party may recover costs, 'in actions for the recovery of money only, or for the recovery of specific real or personal property.' S & C 1117, Sec. 551 et seq (See Sec. 5348 Rev. Stat.). But it is provided that 'in other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable.' S. & C 1118, Sec. 554 (Sec. 5351 Rev. Stat.)

This, then, is the statutory rule in all cases under the code in the nature of proceedings in equity. This was not, it is true, a proceeding under the code; nevertheless, before the passage of the code, it was and still is recognized by the statute as a proceeding subject to be controlled by the 'usages of courts of chancery'. S & C 599, Sec. 168 (Sec. 6180 Rev. Stat.). In the absence of any statutory provision to the contrary, it was clearly proper for the courts both 'according to the usages of courts of chancery' and in analogy to like provisions of the

code, to order the payment of the costs 'as in its discretion it might think right and equitable'."

The journal entry of the Common Pleas Court by which its judgment on the issues presented an appeal from an order against the administrator with regard to his final account by the Probate Court, is, as indicated above, entirely silent as to which of the litigants or in what proportion either or all of them should be liable for the costs. And as this is not a cause where by statute the costs must be taxed against the losing party, but is rather a cause in which the court is called upon to exercise its sound discretion in an equitable adjustment of the costs between the parties, unless a pronouncement is made by the court directing the payment of the costs and rendering judgment therefor, the rule of primary liability is the only means of determining against whom payment of the costs can be enforced. This rule is set forth in **11 O. Jur., page 70, paragraph 72,** as follows:

"Each party is primarily liable for his own costs; that is, the costs incurred at his instance * * *."

Of the costs which the plaintiff seeks to recover, all or a greater part at least were incurred at the instance of the exceptor or of the estate and not at the instance of Kulka.

By the same authority, at page 98, paragraph 118 the rule that the liability of the person primarily liable does not depend upon a judgment, is set forth as follows:

"* * *. It is said that an entry of judgment without any provision for the costs would be an irregularity, although such irregularity would not necessarily affect the validity of the judgment. But no judgment against a party for his own costs is necessary, the clerk's entry thereof on the docket being sufficient to establish his liability therefor and to authorize the collection thereof."

The plaintiff, therefore, upon the face of the record is not entitled to a judgment against the surety of the appellant from the order of the Probate Court, for costs where his principal has not become legally liable.

The judgment of the Common Pleas Court is affirmed. Exceptions.

MORGAN, P. J., and LIEGHLEY, J., concur.