GLASSER, APPELLEE, *v.* GLASSER, APPELLANT.

(No. 9597—Decided September 20, 1965.)

*Messrs. Osborne & Chacksfield,* for appellee.
*Mr. John J. Dreyer,* for appellant.

HOVER, J.  The appellant husband appeals to this court from a decree entered August 12, 1964, granting a divorce to the appellee wife, together with custody and support of a minor child.  The decree also directs the payment by the husband of certain specific expenses of the parties, the transfer to the appellee wife of the chattel property of the parties with certain exceptions, and the ownership, subject to a mortgage loan, of certain real estate of the parties described by street address.

The decree further orders that in default of a deed to this property by the husband, the decree itself shall operate as a conveyance.

Because of various findings set out herein below, it is unnecessary to determine whether a divorce decree describing real estate by street address only could be deemed, under any circumstances, a sufficient conveyance of real estate.

The appeal was considered by this court on four assignments of error after first overruling the motion in this court by the appellee wife for alimony and expenses during the pendency of the case here; also, overruling a motion to remand the narrative bill of exceptions to the trial court; and, also, overruling the motion to strike appellee's motion to remand and granting appellant's motion for a temporary order restraining appellee from disposing of the household goods and chattels referred to in the decree above.

The record before us consists of a narrative bill of exceptions, journal entries and a transcript of the lower court's docket, the briefs and arguments of counsel.

As can best be gleaned from a complex and confusing record, appellee, hereinafter referred to as the wife, sued for a divorce, custody and support of the minor child, and for the entire interest in certain real estate owned by the parties and occupied by them as a home. Appellant husband first filed an answer praying dismissal of the petition, but subsequently filed an answer and cross-petition praying that the divorce be decreed to him and for custody of the child. Subsequently, the court caused to be made and filed the investigation and report required by Section 3105.08 of the Revised Code where minor children are involved in divorce proceedings. On May 9, 1963, the judge proceeded to take testimony and hear witnesses on the issues thus joined, as demonstrated by the docket and the narrative bill of exceptions. At this hearing, with both parties present and represented by counsel, the court heard the testimony of the wife in support of the prayer for a divorce and custody, and of the husband's alleged misconduct. Various witnesses also were heard in corroboration of the wife's allegations in this respect. The wife also testified as to various financial contributions which she and her parents had made to the household, with particular emphasis upon the household furnishings and chattels.

According to the narrative bill of exceptions, the judge at this point interrupted the proceedings and, after a conference in chambers, announced that he would grant a decree to the plaintiff (wife) together with custody of the minor child, an award to the wife of furniture and real estate, support and medical ex-

penses for the minor child, payment of attorney fees to both counsel, and the payment by the husband of all outstanding bills and taxes. This was a verbal pronouncement on the part of the court included in the bill of exceptions and is reflected practically in toto by the divorce decree placed of record on August 12, 1964, some fifteen months later.

Again, according to the narrative bill of exceptions, some seven months after the hearing in May of 1963, the court and counsel for the parties had a conference concerning the actual preparation of the decree, and, at this time, the court referred "the matter" to one of its referees for a financial review.

Also subsequent to the hearing and before the filing of a decree, to wit, in June of 1964, a motion for a rule for contempt and for a lump-sum judgment was referred to a referee. This reference was followed on July 2, 1964, by an order of the court overruling the motion for a rule for contempt and granting a motion for a lump-sum judgment. During the course of the proceedings, various other matters were referred to referees for report, to wit, a motion for contempt on February 20, 1963; a motion to amend a petition and make new parties defendant on April 18, 1963; a motion for a temporary injunction; and a motion to dissolve a temporary injunction filed on the same date. The record before this court is silent as to any filings on the docket or in the court's records resulting from any of the above referrals. Several orders journalized by the court reflect some further consideration and determination of the matters referred, but this is not sufficient to satisfy the law in respect to judicial referrals.

While there may have been doubt in our system of pleading and trial at one time or another concerning the inherent power of courts of general or special jurisdiction to call to their assistance the referee process to assist in disposing of litigation, this question has been resolved, in this state, at least, by statute. (Sections 2315.26 to 2315.35 inclusive, Revised Code; also, 47 Ohio Jurisprudence 2d 98 *et seq.*, References, Sections 18 to 30.) It will be seen that references may be for either one of two purposes: A reference may be for the purpose of conducting a trial in lieu of the judge. Such a reference permits the referee to determine both the facts and the law. And re-

ferences may also be made for the more limited purpose of determining facts only. In the instant case, all the references, with one exception, ordered the referee in effect to hear and determine the matter referred, while one reference is obviously for the purpose of determining a factual matter alone.

In the first category the reference results, when the findings are approved by the court, in an actual judgment; while in the second it results in a special verdict where the court applies the law to the facts found and arrives at its own sole judgment. In either event, the statute is clear that the duty of the referee is to make an official report of his proceedings and to file it as part of the record of the case. This is the same rule referred to in detail by this court in *Colclaser* v. *Colclaser*, 2 Ohio App. 2d 142. This procedure was not followed in regard to any of the references made in this case and, consequently, the lower court was not empowered by law to make any orders respecting matters placed before its referees for lack of any evidence relative thereto. To hold otherwise would be to subject the trial process and the litigants to the worst features of star-chamber proceedings, because the court arrives at judgments and makes orders without affording the parties any knowledge of or possible objection to the findings, which become, if they exist at all, secret. The practice of *sub rosa* or private reports to a court for use as evidence in determining issues between litigants is contrary to every concept of Anglo-American jurisprudence and in this case clearly constitutes error prejudicial to the rights of the appellant.

This court, under the circumstances indicated here, is vested, by statute, with authority to affirm, modify or reverse the judgment of the court below. It appearing clearly from the record that the defendant husband had his day in court relative to the issues raised by the pleadings concerning the divorce itself and the custody and support of the minor child, there was sufficient evidence on the record presented to the judge himself to justify this finding. The decree, as entered in the court below, is modified however by striking therefrom all matters relating to the respective financial obligations of the parties and any distribution of their chattel property, real estate, or responsibility for indebtedness.

The cause is remanded to the court below for further pro-

ceedings according to law in determining the respective rights of the parties in these latter respects.

*Judgment accordingly*

HILDEBRANT, P. J., and LONG, J., concur.