WHITE, APPELLANT, *v.* WHITE, APPELLEE.

[Cite as White v. White (1977), 50 Ohio App. 2d 263.]

(No. 35279—Decided January 27, 1977.)

*Mr. Donald V. White,* for himself.
*Mr. Alan Arnold,* for appellee.

KRENZLER, J.   On November 15, 1974, the plaintiff-appellant, hereinafter referred to as the appellant, obtained a divorce from the defendant-appellee, hereinafter referred to as appellee, in the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County.

In the divorce decree, the court awarded custody of the minor children to the appellee until further order of the court and ordered the appellant to pay the appellee $45 per week for child support, $850 in alimony for attorney's fees, and $3,000 for arrearages of temporary alimony and support.

On January 7, 1975, the appellee filed a motion to require appellant to show cause why he should not be held

in contempt of court for failure to comply with the divorce decree in that he had not made any of the child support or alimony payments ordered by the court.

On January 8, 1975, the appellant filed a notice of appeal contesting the validity of the November 15, 1974, divorce decree.

On March 14, 1975, the appellant filed a written request for a court reporter to be present at the hearing before the referee on the motion to show cause. On March 18, 1975, a hearing was held before a referee of the Domestic Relations Division on said motion but a court reporter was not present.

On April 14, 1975, the referee filed a report recommending that the appellant be ordered to continue to make the payments ordered in the divorce decree plus $10 per week on a $280 arrearage. On April 24, 1975, the appellant filed objections to the report of the referee. The trial court approved the referee's recommendation on August 8, 1975, and ordered that the appellant continue with the current order of the court plus $10 a week on the arrearage.

The appellant timely appealed from the judgment of the trial court affirming the report of the referee and has one assignment of error:

"The order of the divorce court is contrary to law including Ohio Civil Rules 53 and 75(H) and also violates the plaintiff-appellant's constitutional rights, and represents error and abuse of discretion by the court."

This one assignment of error raises three questions for resolution:

1. Is it necessary to journalize an order of reference in every matter referred to a referee under Civil Rule 53?

2. When a party to a hearing before a referee in the Domestic Relations Division of Common Pleas Court makes a request for a court reporter and that such attendance be taxed as costs, must a court reporter be provided and the services taxed as costs?

3. When a judgment of the Domestic Relations Division of the Common Pleas Court is appealed to the Court of Appeals, does the trial court have authority to enforce its

judgment in the absence of a stay order or does the mere filing of a notice of appeal deprive the Common Pleas Court of authority to enforce its judgment?

## I.

The appellant's first argument under his one assignment of error is that the referee lacked jurisdiction to hear the appellee's motion since the trial court did not enter a journalized order of reference.

In order to resolve this question, we must review Rule 53 of the Ohio Rules of Civil Procedure, which is concerned with court-appointed referees. Civil Rule 53 clearly requires an order of reference in order for a referee to have authority to conduct a hearing on a motion filed by a party. This is best evidenced by reviewing pertinent portions of Civil Rule 53.

Civil Rule 53 provides that a court may appoint one or more referees to hear any issue or issues in any case in which the parties are not entitled to a trial by jury or in any case in which the parties consent in writing or in the record in open court to submit an issue or issues to a court-appointed referee. Civ. R. 53(A).

There must be an order of reference and such order may specify or limit a referee's powers and may direct him to report only upon particular issues or do or perform particular acts. Subject to the specifications and limitations stated in the order, the referee has power to regulate all proceedings or hearings before him as if by the court and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. Civ. R. 53(C).

Civil Rule 53(C) also provides that when a party so requests and guarantees the costs and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner and as subject to the same limitations upon a court sitting without a jury.

A referee shall prepare a report upon the matters submitted to him by the order of reference and shall file the report with the clerk of the court and mail a copy to the parties. Civ. R. 53(E)(1).

A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report and such objections shall be considered a motion. Upon consideration of the objections, the court may adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions, or hear the matter itself. Civ. R. 53(E)(2).

The report of the referee shall be effective and binding only when approved and entered as a matter of record by the court. Civ. R. 53(E)(5).

While Civil Rule 53 clearly requires an order of reference, it does not specify the form of the order nor does it require the court to journalize an individual order of reference for each issue submitted. In other words, there is no specific requirement, limitation, or restriction on the manner or method of the court entering an order of reference.

Thus, an order of reference may be made in one of at least three ways:

1. An individual journalized order of reference in a particular case or several cases;

2. A blanket journalized order of reference in a particular type or types of cases;

3. A local rule or rules providing for automatic reference in certain types of cases.

In the present case, there was not an individual or blanket journalized order of reference referred to in 1 and 2 above. However, the Common Pleas Court of Cuyahoga County, pursuant to Section 5, Article IV of the Ohio Constitution, and Rule 83 of the Ohio Rules of Civil Procedure, adopted local rules.

Local Rule 23 deals with divorce, alimony and annulment. Local Rule 23(A) provides that all motions filed pursuant to Civil Rule 75(N) shall be heard before a referee. Local Rule 23(B)(4) lists the motions to be heard by a judge unless otherwise ordered by the court. This includes motions to advance; for attorney's fees; for compelling discovery; for relief after judgment; for a new trial; to vacate, dismiss or reinstate; for summary judgment; to set aside

separation agreements; compelling one party or the other to answer interrogatories; requesting production of documents; to consolidate; for judgment and failure to answer interrogatories; to strike; to quash, and for findings of fact and conclusions of law. All other motions shall be set before a referee.

Local Rule 23 authorizes automatic reference to a referee to hear a motion to show cause because it is not one of the fifteen motions that must be heard by a judge unless there is a specific order of reference.

It is our conclusion that the adoption of Local Rule 23 by the Common Pleas Court of Cuyahoga County satisfies the requirement of Civil Rule 53 that there must be an order of reference before a referee has authority to entertain a hearing on a motion to show cause. Local Rule 23 thus constitutes an order of reference as required by Civil Rule 53.

## II.

Appellant's second argument is that the trial court erred in refusing to grant his request for a court reporter. In support of this argument, the appellant relies upon R. C. 2301.20 which provides:

"Upon the trial of a case in the court of common pleas, if either party to the suit, or his attorney, requests the services of a shorthand reporter, the trial judge shall grant the request, or such judge may order a full report of the testimony or other proceedings, in which case such shorthand reporter shall take accurate shorthand notes of the oral testimony or other oral proceedings, which notes shall be filed in the office of the official shorthand reporter and carefully preserved."

When matters are referred to a referee for hearing, Rule 53(C) of the Ohio Rules of Civil Procedure provides in part:

"When a party so requests and guarantees the costs, and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner as and subject to the same limitations upon a court sitting without a jury."

Under both R. C. 2301.20 and Civil Rule 53(C), when a party to a suit or his attorney requests the services of a shorthand reporter the court shall grant the request and the referee shall make a record of the evidence. The granting of this request is not conditioned upon either advance payment, security for costs, or a surety bond. If this were intended, the statute or rule would make such express provision as in R. C. 2323.30 and Civil Rule 4.1(1).

Instead, Civil Rule 53(C) contains the language "guarantees the costs" which will now be discussed.[1] "To guar-

---

[1] A review of the law of costs in Ohio will clarify the above interpretation of the meaning of "guarantee the costs."

There is a distinction between the taxing and collection of costs by the clerk of courts and the awarding of costs to either party by the trial court in the final judgment. Civil Rule 54(D) governs the awarding of costs by the court. This rule provides that costs generally shall be allowed to the prevailing party unless the court otherwise directs. The taxing and collection of costs concerns the obligation of the parties to the clerk of courts and is wholly governed by statute. R. C. 2335.18 to R. C. 2335.33.

The costs of the parties in all actions, motions and proceedings in any court of this state shall be taxed and entered of record separately. R. C. 2335.18. This means that the primary obligation to pay the costs to the clerk of courts rests on the party on whose order the costs were incurred.

When a judgment is awarded, the costs of the party recovering are carried into his judgment and the costs of the party against whom such judgment was rendered shall be separately stated in the record or docket entry. R. C. 2335.19.

If the party recovering judgment neglects to execute immediately against the other party for the costs or if execution is returned without satisfaction of costs, the clerk of courts shall issue an execution against the party indebted to the clerk for such fees to compel that party to pay his own costs. R. C. 2335.21.

In summary, if a party pays his costs and then recovers judgment for his costs, he can collect them from the other party. If a party has not paid his costs and obtains a judgment for his costs, he may collect the costs from the other party and then pay the clerk, or, if he does not effect collection, the clerk may execute and make the prevailing party pay the costs he incurred. The prevailing party would then have to recoup his costs from the other party under the judgment. The party incurring the costs, however, remains primarily liable to the clerk of courts for the costs incurred at his instance. *Naper v. Bowers* (1834), Wright 692; *In re Kaffenberger's Estate* (1942), 71 Ohio

antee" means that a party will undertake collaterally to answer for the payment of another's debt or the performance of another's duty, liability or obligation. *Sturges & Co.* v. *Bank of Circleville* (1860), 11 Ohio St. 153, 168-169; *Black's Law Dictionary* (4th ed. 1951).

Thus, the phrase "guarantees the costs" in Civil Rule 53(C) could be interpreted as imposing secondary liability upon the party requesting the record for the payment of costs to the clerk of courts where such costs are assessed against the other party under Civil Rule 54(D). However, under the provisions of R. C. 2335.18—.33, the party on whose behalf the costs were incurred remains primarily responsible to the clerk of courts where such costs are assessed against the other party under Civil Rule 54(D).

The distinction between primary and secondary liability to the clerk of courts under these circumstances merely relates to the procedure that the clerk of courts must follow to effect collection of court costs. As between the parties, however, ultimate responsibility for the payment of costs is governed by Civil Rule 54(D). Practically speaking, it is a distinction without a difference. Therefore, there is no valid reason to change the liability to the clerk of courts from primary liability to secondary liability where a party requests a record of the evidence under Civil Rule 53(C). We thus conclude that the language "guarantees the costs" in Civil Rule 53(C) was not intended to change the liability of a party to the clerk of courts as imposed by R. C. 2335.18—.33 and such language is therefore merely surplusage and of no consequence.

As to the right to a court reporter and a record of the evidence, R. C. 2301.20, Civil Rule 53(C) and Civil Rule 54(D) are to be read in *pari materia,* and inasmuch as they are in harmony and not in conflict, they clearly require the court to provide a shorthand reporter to record the evidence if properly requested by a party to a suit or his attorney. Civil Rule 53(C) places a mandatory duty upon a

App. 201. This means that the clerk may execute against the party awarded costs for those costs incurred by him without first executing against the party against whom costs were awarded.

party who wants a court reporter to record the evidence at a hearing before a referee, to file a written motion[2] requesting a court reporter to make a record of the evidence. When this is done, the trial court has a mandatory duty to provide a court reporter at the hearing to make a record of the evidence. If the movant complies with the requirements of Civil Rule 53(C), the trial court does not have discretion to grant or deny a request for a court reporter but must grant such request.

It is argued that this interpretation of Civil Rule 53 (C) places an administrative burden upon the court to hire or contract for court reporters. This is not a valid argument because Civil Rule 53(C) clearly places this burden upon the court. The fact that compliance with a statute or Civil Rule creates administrative difficulties for the trial court is not a valid reason for non-compliance with the rule. The trial court has a mandatory duty to make court reporters available to make a record of the evidence if a party makes a written request in conformity with Civil Rule 53(C) and such charges shall be taxed as costs.

A second argument raised by the appellee is that the appellant is not prejudiced because he had an opportunity to file a narrative transcript of proceedings under Appellate Rule 9. This argument is also invalid. The fact that an appellant has the option of using either a verbatim transcript of proceedings or a narrative transcript of proceedings in an appeal is not a valid defense for non-compliance with R. C. 2301.20 and Civil Rule 53(C) in not providing a court reporter. When the civil rules place a mandatory duty on the court to provide a record of the evidence, such record shall be provided and the appellant has the option of using either a verbatim or narrative transcript of testimony in an appeal. An appellant cannot be deprived of this option by a refusal to grant his request for a record of the evidence.

In the present case, the appellant did comply with Civil Rule 53(C) by making a written request for a court

[2] Civil Rule 7(B)(1).

reporter. In not granting this request as required by Civil Rule 53(C), the trial court committed prejudicial error. Therefore, this assignment of error is well taken.

### III.

The third argument of the appellant is that the trial court lacked authority to entertain the motion to show cause because it lost jurisdiction when the case was appealed to the Court of Appeals. This is not a valid argument because a trial court has authority to enforce its judgments in the absence of an order staying execution. Thus, the mere filing of a notice of appeal without a stay order does not deprive the trial court of authority to enforce its judgment. *In re Kurtzhalz* (1973), 141 Ohio St. 432; *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129, 132; *Rippel* v. *Rippel* (1974), 69 Ohio Op. 2d 503.

Because the appellant's assignment of error is well taken, we reverse the judgment of the trial court.

*Judgment reversed.*

STILLMAN, J., concurs.

PARRINO, J., concurs in the judgment only as to proposition of law number II.

PARRINO, J., concurring. Civil Rule 53(C) provides in part as follows:

"When a party so requests and guarantees the costs, and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner as and subject to the same limitations upon a court sitting without a jury."

Under this rule it is evident that a party is entitled to a record of a proceeding to be held before a referee when these three conditions have been met: (1) a party so requests, (2) he guarantees the costs, and (3) the court so orders.

On January 7, 1975 appellee filed a Motion to Show Cause seeking a contempt citation against appellant for his failure to make alimony and support payments. The motion was set to be heard before a referee on March 18, 1975. On

March 14, 1975 appellant, acting *pro se*, filed a written request for a court reporter who was to make a record of that proceeding. Appellant's request took the form of a motion and is hereinafter designated as a motion. The appellant's motion did not guarantee the costs of the record. By such motion appellant satisfied condition one but not condition two of Civil Rule 53(C).

I agree with the conclusion that the obligation for payment of costs under this rule creates a collateral undertaking and does not require an advance deposit, security for costs or a surety bond to insure payment of costs incurred in making a record. Conditions one and two of Civil Rule 53(C) are met when a party files a written motion for a court reporter and indicates therein that he guarantees the costs.

As to condition number three, the rule confers on the trial judge the discretion to allow or deny a request for a record of the proceedings to be held before a referee. In my view the rule does not contemplate a mandate upon the trial judge to order a record made of every proceeding before a referee where conditions one and two have been met. As I read the rule, the trial judge has the discretion to grant or deny the request.

R. C. 2335.21[3] imposes the primary liability for the payment of costs upon the party at whose request they were incurred. In the instant case appellant, in his written motion for a court reporter to be present at the hearing to be held before the referee, failed to indicate that he would guarantee the costs and thus did not satisfy condition two of Civil Rule 53(C). Though appellant did not obligate himself as a guarantor under Civil Rule 53(C) he nonetheless

---

[3]R. C. 2335.21. "Special execution may issue for costs.

"When the party recovering judgment in a cause neglects to sue out execution immediately, or after such execution has been returned without satisfaction of costs, the clerk of the court, for his own benefit, may, or at the instance of a person entitled to fees in the bill of costs taxed against either party, shall issue against the party indebted to such clerk or other person for such fees, whether plaintiff or defendant, an execution to compel the party to pay his own costs. * * *"

274

became primarily liable for the costs incurred therein under R. C. 2335.21. *Merkle* v. *Hadbevny* (1943), 40 Ohio Law Abs. 466, 55 N. E. 2d 867. Therefore, appellant's failure to guarantee costs under Civil Rule 53(C) did not divest him of his primary obligation to pay such costs under R. C. 2335.21.

From the record in this case it appears that the trial court did not rule on appellant's written motion requesting a court reporter. Since the referee proceeded with the hearing without the court having ruled on appellant's motion, it can be argued that this was the equivalent of a denial of appellant's motion. Nevertheless the question remains whether the trial court's denial of appellant's motion, or its failure to rule thereon before the referee's hearing, constitutes reversible error. In my opinion it does.

Appellant, upon a Motion to Show Cause, was charged with the failure to make substantial alimony and support payments. If the referee's report was adopted by the court it could result in a finding of contempt against appellant and possibly in his incarceration. The referee was performing more than a ministerial function. Upon his written motion appellant was entitled to a record of the proceedings to be held before the referee and it was error for the referee to proceed with the hearing without any action being taken on appellant's motion by the trial court.

Because of the issues involved in appellee's Motion to Show Cause, in my opinion, it would have constituted an abuse of discretion for the trial court to deny appellant's motion for a record of that proceeding.

In summary, appellant, upon written motion duly made, was entitled to a record of the proceedings to be held before the referee for which record he became primarily liable under R. C. 2335.21 and his failure to "guarantee costs" under Civil Rule 53(C) was not fatal to his request.

For these reasons I concur in the judgment rendered in this cause but concur in judgment only as to proposition of law number II.