BUCKLES, APPELLANT, *v.* BUCKLES, APPELLEE.

(No. 87AP-824—Decided March 29, 1988.)

*Brownfield Law Offices, C. William Brownfield* and *William H. Arnold,* for appellant.

*Jeffrey A. Grossman Co., L.P.A., Jeffrey A. Grossman, Schottenstein, Zox & Dunn* and *Harvey Dunn,* for appellee.

WHITESIDE, P.J. Plaintiff, Gretchen S. Buckles, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations and raises three assignments of error as follows:

"1. The Common Pleas Court, Division of Domestic Relations, erred in granting to the defendant-appellee an order, pending appeal, staying the payment of alimony to plaintiff-appellant which was due within one year after entry of the court's judgment entry-decree of divorce, such a stay order being proscribed under Rule 75(G), Ohio Rules of Civil Procedure.

"2. The Common Pleas Court, Division of Domestic Relations, erred in modifying the terms of its judgment entry-decree of divorce pertinent to alimony and support of the plaintiff-appellant during the pendency of her appeal of said decree, whether or not such modification was termed a 'stay' or otherwise, the trial court having lacked jurisdiction to grant such a modification pursuant to Civil Rule 75(G).

"3. The Common Pleas Court, Division of Domestic Relations, abused its discretion in denying plaintiff-appellant financial discovery of the defendant-appellee pertinent to his post-trial motion to stay enforcement of alimony provisions of the judgment entry-decree of divorce entered by the court."

Plaintiff and defendant Andre M. Buckles were granted a divorce on July 24, 1986, the decree including, among other things, an award of a lump-sum alimony payment to be made by defendant to plaintiff on or before July 24, 1987. The decree further provided that interest at the statutory legal rate of ten percent per annum was required to be paid monthly by defendant to plaintiff until such time as the entire principal sum was paid in full. Since the entering of the decree, defendant has paid plaintiff $1,500 per month, that amount representing the interest on the entire amount. Plaintiff was not awarded sustenance alimony nor was she awarded attorney fees. In the direct appeal from the judgment in this case, *Buckles* v. *Buckles* (1988), 46 Ohio App. 3d 102, 546 N.E. 2d 950, plaintiff appealed, among other issues, the sufficiency of the lump-sum award.

On April 30, 1987, defendant filed a motion in the trial court seeking a partial stay of the decree, specifically requesting an order that defendant not be required to pay plaintiff the entire lump-sum alimony award at issue until the parties' appeal from the decree was determined. The trial court, after a hearing on the motion, issued a stay order to be secured by a $190,000 supersedeas bond to be posted by defendant. It is from this order that plaintiff appeals in this case, although, by a subsequent agreed entry, a mortgage on certain real estate was substituted for the monetary supersedeas bond ordered. Defendant was required to continue to pay plaintiff the $1,500 per month interest on the lump-sum alimony award.

In her first two assignments of error, plaintiff contends that the trial court lacked jurisdiction to grant a stay order predicated upon an argument that such a stay is specifically proscribed by Civ. R. 75(G), which provides, in pertinent part, that:

"The trial court may, when a motion to modify a custody, support or alimony order is filed prior to the filing of the notice of appeal, modify the

order for the period of the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Rule 62(B) does not apply to custody, alimony or support orders. When an appeal is taken by any party, the court of appeals may grant like orders concerning custody, support or alimony during the pendency of the appeal."

Relying upon *Rahm* v. *Rahm* (1974), 39 Ohio App. 2d 74, 68 O.O. 2d 225, 315 N.E. 2d 495, plaintiff contends that the trial court lacks jurisdiction to modify an alimony or support award after the filing of the notice of appeal. The *Rahm* decision, even though its conclusions may be questionable, is not applicable herein. *Rahm* involved the question of granting temporary alimony during the pendency of an appeal in a case where no sustenance alimony had been awarded. *Rahm* would be applicable herein only if plaintiff were seeking an award of temporary alimony during the pendency of an appeal. The *Rahm* court did suggest that a stay order would reinstate a temporary alimony award ordered during the pendency of the litigation in the trial court. We need not determine whether the decision in *Rahm* is correct since it is not pertinent to the issue before us. However, we do note that some of the language in *Rahm* is suggestive of other decisions of that district court of appeals which conflict with many unreported decisions of this court pertaining to the continuing jurisdiction of the trial court during the pendency of an appeal to a court of appeals. In those decisions we hold, in accordance with Supreme Court decisions, that during the pendency of an appeal a trial court continues to have jurisdiction to exercise so long as the exercise of that jurisdiction does not interfere

with the power of this appellate court to review the judgment under appeal and affirm, modify, or reverse that judgment. The fact that an action of the trial court might make the appeal moot, such as ordering execution, does not interfere with this court's jurisdiction to review. See *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E. 2d 657.

At the outset it must be noted that, contrary to the suggestion in *Rahm* and the argument of plaintiff, the Civil Rules neither determine nor affect the jurisdiction of either the trial court or this court, Civ. R. 82 expressly providing that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of this state."

More importantly, neither the Civil Rules nor any other procedural rule promulgated by the Supreme Court can determine the jurisdiction of a court even if they purported to do so, since the Constitution does not permit the procedural rules to determine jurisdiction. Section 5(B), Article IV, Ohio Constitution provides that "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

The jurisdiction of a court is determined by the Ohio Constitution and statutes adopted by the Ohio Legislature. Section 4(B), Article IV, Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings or administrative officers and agencies as may be provided by law." Section 3(B)(2), Article IV, Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as

may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 2(B)(1)(f) does provide that courts of appeals shall have original jurisdiction "[i]n any cause on review as may be necessary to its complete determination."

R.C. 2305.01 confers upon courts of common pleas original jurisdiction in all civil cases where the sum or matter in controversy exceeds the exclusive jurisdiction of county courts. R.C. 3105.011 specifically provides that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. * * *" R.C. 2301.03(A) provides that, with respect to the Franklin County Court of Common Pleas, certain judges "shall be elected and designated as judges of the court of common pleas, division of domestic relations," and that "divorce, dissolution, alimony, and annulment cases shall be assigned to them."

Accordingly, it is clear that Civ. R. 75(G) neither purports to, nor does, affect the jurisdiction of the trial court but, instead, only governs procedure in that court. Likewise, Civ. R. 75(G) as to procedure must be read so as to be consistent with the Appellate Rules. As App. R. 7(A) specifically provides:

"*Application for a stay of the judgment* or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, *must ordinarily be made in the first instance in the trial court.* A motion for such relief * * * may be made to the court of appeals or to a judge thereof, but, * * * the motion shall show that application to the trial court for relief sought is not practicable, or that the trial court has, by journal entry, denied an application, or failed to afford the relief which applicant requested. * * *" (Emphasis added.)

Civ. R. 75(G) does not expressly address the issue of stays of execution, but even if construed to apply to them, must be read *in pari materia* with App. R. 7(A), which expressly provides that the application must be made in the first instance in the trial court. App. R. 7(A) is a procedural requirement binding upon the parties as to the procedure to be utilized.

Therefore, the trial court has not been denied jurisdiction by either the Civil or Appellate Rules if such jurisdiction otherwise exists with respect to granting stays of execution. Although the word "ordinarily" is utilized in the first sentence of App. R. 7(A), this necessarily has reference to the provision in the second sentence that a party may demonstrate that application to the trial court is not practicable, in which event relief may be sought in the first instance from the court of appeals. There is no such demonstration here since the trial court granted the stay.

In addition, R.C. 2505.09 provides that an appeal operates as a stay only when a stay of execution has been obtained pursuant to the Rules of Appellate Procedure. Thus, R.C. 2505.09, likewise, contemplates that the application will be made in the first instance in the trial court, since this is what is required by App. R. 7(A).

The provision of Civ. R. 75(G) that Civ. R. 62(B) is not applicable to custody, alimony or support orders means only that the automatic-stay provision of Civ. R. 62(B) does not apply, and that a party must apply to the court not only for a determination as to the amount of a supersedeas bond, but also as to whether or not a stay should be granted. The granting of the stay in such instances is within the sound discretion of the trial court.

In addition, Civ. R. 75(G) refers to "modif[ication]" of custody, support or alimony orders, not to the granting of a stay of execution with respect to all or part thereof. A stay of execution only delays the time that a party must comply with the custody, support or alimony order, whereas a modification of such an order changes the form or substance of the award itself. A mere extension of time for complying with the award order does not constitute a modification of the award itself.

Ordinarily, a lump-sum alimony award must be paid immediately after the entry of judgment. In this case, the court placed an outside date by which the lump-sum payment was to be paid by defendant. The trial court, in granting a partial stay, simply delayed the time that defendant will have to make the payment to plaintiff until such time as the appeal process has been completed. Consistent with the original order, defendant is required to pay to plaintiff periodic interest payments at the statutory legal rate. Thus, the trial court did not modify or change the original award either as to principal or interest, but merely delayed the time by which defendant is required to make the payment of the principal, although he is free to do so at any time and, when he does, to cease making the interest payments.

Even if Civ. R. 75(G) did apply to stays of execution, the result would not vary. The relief granted under Civ. R. 62(B) is not the granting of the stay but, rather, is the setting of an amount of the supersedeas bond which must be posted in order to make the stay effective. On the other hand, relief under Civ. R. 75(G) should be "* * * upon such terms as to bond or otherwise as * * * [the court] considers proper for the security of the rights of the adverse party and in the best interests of the children involved. * * *"

What Civ. R. 75(G) contemplates is a modification of the actual order during the period of the pendency of the appeal so that either a greater or a lesser amount will be paid while the appeal is pending either with respect to support or alimony or that custody should be either in the other party or joint during pendency of the appeal. Such modification is not the same as a stay. A stay operates with respect to the entire order as to either custody, support or alimony, whereas the modification changes the terms of the judgment so as affirmatively to provide that some different relief be in effect during the pendency of the appeal. The purpose of Civ. R. 75(G) is not to prevent a stay of execution but, instead, is to provide a different procedural device during the pendency of the appeal which may be utilized in lieu of a stay, namely modification.

In any event, when any type of interim relief during the pendency of the appeal is sought, App. R. 7(A) is quite explicit that the relief must first be sought by the moving party from the trial court before that party seeks such relief from the court of appeals.

Neither Civ. R. 75(G) nor App. R. 7(A) pertains to or affects the jurisdiction of either the trial court or the court of appeals. Rather, both pertain to procedural methods by which a party may seek relief. Even assuming that the trial court erred in entering the order that it did, it would be a result of an abuse of discretion, not lack of jurisdiction.

However, we find no error or abuse of discretion under the circumstances involved. There was an ample basis for the trial court's determination since it would be difficult, if not impossible, for that court to restore the parties to *status quo* in the event of a reversal on the issue of lump-sum alimony after said amount had been paid. In fact, it is arguable that had defendant voluntarily paid and plaintiff voluntarily accepted the lump-sum alimony payment, any question con-

cerning that issue would have been moot and not subject to consideration upon appeal. Maintaining the *status quo* during the pendency of the appeal is an appropriate consideration where the other party is adequately protected. Here, plaintiff has adequate protection. Not only is she receiving the interest payments of $1,500 per month so that she is not losing any income upon the lump-sum amount, but she is protected by the supersedeas bond in the form of a mortgage upon real estate in this instance.

Turning more specifically to the assignments of error, the first assignment of error is not well-taken, since Civ. R. 75(G) does not, as is contended by plaintiff, proscribe the granting of a stay by the trial court with respect to alimony orders. Although Civ. R. 62(B) does not apply to alimony orders, App. R. 7(A) and R.C. 2505.09 provide that an application for a stay shall be made in the first instance to the trial court.

Likewise, the second assignment of error is not well-taken because Civ. R. 75(G) has no effect upon the trial court's jurisdiction, Civ. R. 82 expressly so providing, and the Ohio Constitution providing that jurisdiction will be determined by law rather than by procedural rule.

The third assignment of error is not well-taken because there has been no abuse of discretion or error of law on the part of the trial court in entering the order from which this appeal is taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BOWMAN, JJ., concur.