**In re KESSLER.**

[Cite as *In re Kessler* (1993), 90 Ohio App.3d 231.]

Court of Appeals of Ohio,
Huron County.

No. H–92–27.

Decided Sept. 17, 1993.

*K. Alec Thornton,* for appellant.

*Earl R. McGimpsey,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, which ordered appellant Michael J. Kessler to maintain medical insurance coverage for his eighteen-year-old diabetic daughter until she reaches the age of twenty-one.

Appellant sets forth the following three assignments of error:

"I. The juvenile court erred as a matter of law in ordering appellant to maintain medical coverage for his adult daughter until age 21.

"II. The juvenile court abused its discretion and erred as a matter of law in entering a nunc pro tunc order subsequent to the filing of a notice of appeal

"III. The juvenile court erred as a matter of law and abused its discretion in entering a nunc pro tunc order which modifies an earlier judgment entry."

The undisputed facts giving rise to this appeal are as follows. Becky Niciu and Michael Kessler were married in 1972 and their daughter, Amy Kessler, was born on June 17, 1974. The Kesslers were divorced in 1980. On April 10, 1985, the domestic relations case was certified from the Huron County Court of Common Pleas, Domestic Relations Division, to the juvenile division. On March 13, 1991, a complaint of unruliness was filed in the juvenile division against Amy Kessler, and on March 14, 1991, Amy admitted the charges of unruliness. She was adjudicated unruly and was placed on probation, ordered to undergo counseling and placed in a temporary foster home.

On May 1, 1992, appellant filed a motion in the juvenile division to terminate his parental obligations of support as of June 17, 1992, Amy's eighteenth birthday. On May 20, 1992, Amy filed a motion for an order requiring her father to continue carrying her on the health insurance policy he has through his employer for as long as she meets the requirements of the policy for coverage.

On May 27, 1992, a hearing was held on the matter in Juvenile Court. On June 3, 1992, the trial court filed a judgment entry in which it found that:

"5. Michael J. Kessler is employed as a sheet metal worker at New Departure–Hyatt in Sandusky, Ohio, under a contract between the company and the United Auto Workers Union which provides for health care insurance for a child of a divorced employee provided an order of a court of proper jurisdiction requires the employee to be responsible for providing health care coverage for the child and further provided that the child meets all other eligibility requirements of the contract.

"* * * *

"10. Amy L. Kessler seeks to be covered under the health insurance contract which covers Michael J. Kessler and his dependents for so long as such coverage or successor coverage shall remain in force and she shall be eligible for it, being responsible for all deductibles or co-payments under the insurance plan which are attributable to her care.

"11. Amy L. Kessler is diabetic.

"12. Michael J. Kessler's continuing involvement with health care for Amy L. Kessler consists of providing claim forms and a claim number to Amy, which after her 18th birthday she may process for herself under the said health care contract."

The trial court ordered that:

"1. All child support obligations of Michael J. Kessler for Amy L. Kessler in Case No. 85–714 shall be terminated upon Amy's marriage, death or obtaining her eighteenth birthday, whichever occurs first.

"2. This court will continue its jurisdiction in Case No. 91–13586 until Amy L. Kessler reaches age 21 for the sole purpose of ordering and enforcing inclusion of Amy L. Kessler under the health care insurance contract providing coverage for Michael J. Kessler so long as such coverage or successor coverage shall remain in force and she shall be eligible for such coverage by the terms of the contract and further provided that Amy L. Kessler shall not be declared a dependent of Michael J. Kessler for federal income tax purposes, and further provided Amy L. Kessler shall be responsible for all deductibles, co-payments or other expense attributable under such insurance contract to her care, and further provided that Michael J. Kessler shall not incur any personal expense in order to provide such coverage."

On August 11, 1992, appellant filed a timely appeal from that order, asserting one assignment of error. On August 31, 1992, the trial court issued a *nunc pro tunc* order pursuant to the requirements of R.C. 3113.217(C), which incorporated the June 3 judgment entry. On September 30, 1992, appellant filed a second notice of appeal in response to the *nunc pro tunc* order with two additional assignments of error.

In his first assignment of error, appellant asserts that the juvenile court did not have jurisdiction to order him to maintain medical coverage for Amy until her twenty-first birthday. In support of his claim, appellant relies upon R.C. 2151.353(E)(1), which sets forth the conditions under which the juvenile court can maintain jurisdiction over a child past the age of eighteen. Appellant argues at length that this statute did not provide the court with jurisdiction to order him to continue to carry Amy on his insurance because Amy is a "bright young woman" who is able to work and attend college and therefore is not "mentally or physically handicapped."

 Appellee responds that Amy is handicapped under the definition set forth in R.C. 3323.01(A), which provides:

"*As used in this chapter and Chapter 3321. of the Revised Code:*

"(A) 'Handicapped child' means a person under twenty-two years of age who is developmentally handicapped, hearing handicapped, speech handicapped, visually handicapped, severe behavior handicapped, orthopedically handicapped, multi-handicapped, other health handicapped, or specific learning disabled, and by reason thereof requires special education." (Emphasis added.)

It is clear from the language of this statute that it is intended to be used solely in determining a child's eligibility for special education. This statute, therefore, is not applicable to the issues of parental support and the jurisdiction of juvenile courts which are before us in this case.

■ R.C. 2151.354, however, does provide the trial court with the authority to make its June 3, 1992 order. This statute provides:

"(A) If the child is adjudicated an unruly child, the court may:

"(1) Make any of the dispositions authorized under section 2151.353 of the Revised Code[.]"

The trial court then properly looked to R.C. 2151.353(A)(2), which provides as follows:

"(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

" * * *

"(2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home or approved foster care[.]"

Pursuant to R.C. 2151.353(A)(2), the trial court placed Amy on probation and in a foster home. As to the question of the trial court's continuing jurisdiction over this matter, we look to R.C. 2151.353(E)(1), which provides:

"(E)(1) The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section * * * until the child attains the age of eighteen if the child is not mentally or physically handicapped, [or] the child attains the age of twenty-one if the child is mentally or physically handicapped * * *."

Upon further review, however, we find that R.C. Chapter 2151 does not define "mentally or physically handicapped." Because Ohio law does not provide us with a definition of "handicapped" which can be applied to the specific jurisdictional issues of this case, we look to federal law for guidance. The Americans With Disabilities Act of 1990 ("ADA") defines "disability" with respect to an individual as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." P.L. 101–336, Section 3(2)(A).[1] Further, the Code of Federal Regulations for implementation of the ADA similarly provides:

"*Disability* means, with respect to an individual, a *physical or mental impairment* that substantially limits one or more of the major life activities of such individual." (Emphasis added.)

The code continues:

---

1. The Act uses the term "disability" rather than "handicapped," which is considered pejorative.

"The phrase *physical or mental impairment* includes, but is not limited to, such contagious and noncontiguous diseases and conditions as * * * diabetes." Section 35.104, Title 28, C.F.R.

Upon consideration of the foregoing, this court finds that Amy Kessler is "physically handicapped" as a result of diabetes and the trial court does have jurisdiction over her case until she reaches the age of twenty-one and therefore did have authority to order appellant to carry Amy on his insurance until she turns twenty-one. Accordingly, appellant's first assignment of error is found not well taken.

Appellant's second and third assignments of error will be addressed together, since they both relate to the trial court's August 31, 1992 *nunc pro tunc* order. In his second assignment of error, appellant asserts that the trial court erred in issuing the *nunc pro tunc* order after appellant had filed his notice of appeal on July 1, 1992. Appellant argues that filing a notice of appeal divests the trial court of jurisdiction over that part of the judgment which is to be reviewed and claims that the trial court "materially changed" its June 3, 1992 order by entering the *nunc pro tunc* order. Appellant further argues in his third assignment of error that a *nunc pro tunc* order is to be used only to correct a clerical omission and that this *nunc pro tunc* order contained "all new orders." Appellee responds that the *nunc pro tunc* order was properly issued pursuant to R.C. 3113.217(C), which requires a juvenile court which issues a support order to also issue a separate order relating to health insurance coverage for the child. Appellee also asserts that filing a notice of appeal without a stay does not deprive the trial court of authority to enforce its judgment.

In *White v. White* (1977), 50 Ohio App.2d 263, 272, 4 O.O.3d 225, 230, 362 N.E.2d 1013, 1019, the Court of Appeals for Cuyahoga County held that a trial court has authority to enforce its judgment in the absence of an order staying execution and that the mere filing of a notice of appeal without a stay does not deprive the trial court of authority to enforce its judgment. See, also, *In re Kurtzhalz* (1973), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657. Additionally, in *Buckles v. Buckles* (1988), 46 Ohio App.3d 118, 546 N.E.2d 965, the Court of Appeals for Franklin County found that during the pendency of an appeal, a trial court continues to have jurisdiction so long as the exercise of that jurisdiction does not interfere with the power of the appellate court to review the judgment under appeal and affirm, modify, or reverse that judgment.

Next, we look at R.C. 3113.217(C), which provides that a juvenile court issuing a support order must also issue a separate order pertaining to health insurance coverage for the child. This is exactly what the trial court did in issuing the *nunc pro tunc* order on August 31, 1992. After a thorough review of the record of proceedings in this case and the law as stated above, we find that (1) the *nunc*

*pro tunc* order was merely implementing the June 3 order and in fact made reference to and incorporated the earlier order, and (2) appellant's notice of appeal did not divest the trial court of its authority to issue the August 31 *nunc pro tunc* order. Accordingly, we find appellant's second and third assignments of error not well taken.

Upon consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.