These cases are before the court on appeal from a decision of the Cleveland Municipal Court to award attorney's fees to appellee's counsel, C. David Witt and Cornelius A. Manly, in the amounts of $14,334 and $1,662, respectively. Appellant argues:
ASSIGNMENT OF ERROR NO. 1
 THE MAGISTRATE ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN SHE FAILED TO ENFORCE A VALID SETTLEMENT BY AGREED JOURNAL ENTRY, WHICH PURPORTED TO RESOLVE THE INTEREST [sic] OF ALL PARTIES INVOLVED. INCLUDING THAT OF ATTORNEY [sic] FEES.
 THAT THE MAGISTRATE COMMITTED PREJUDICIAL ERROR WHEN SHE AWARDED ATTORNEY FEES TO APPELLEES WHEN APPELLANT IN GOOD FAITH HAD SETTLED ALL ISSUES WITH APPELLEE ATTORNEY AND DISMISSED THE CASE AS TO ALL ISSUES.
ASSIGNMENT OF ERROR NO. 2
 THE MAGISTRATE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY SUBMITTING HER REPORT DIRECTLY TO THE TRIAL COURT AND NOT ALLOWING APPELLANT AN OPPORTUNITY TO PRESENT OBJECTIONS PURSUANT TO RULE 53 OF THE OHIO RULES OF CIVIL PROCEDURE.
We find the magistrate had no power to conduct a hearing or to issue a decision on the matter of attorneys' fees because the matter was not referred to her. Although the municipal court had the power to consider the matter itself, it could not rely on evidence presented to the magistrate. Accordingly, we reverse the trial court's decision and remand for further proceedings.
 PROCEEDINGS BELOW
These cases have a tortuous history, much of which has been described in our opinion in Thomas Davis v. Tyrone Reed (July 18, 1996), Cuyahoga App. Nos. 68699 and 68700, unreported. Repetition of this history is not necessary for purposes of this appeal. We refer the reader to that decision for additional factual and procedural background.
In the previous appeals, we affirmed the trial court's award of $4,104 in compensatory damages to appellee but reversed its award of $1,000 in punitive damages and reversed and remanded its award of $14,840 in attorneys' fees and costs for redetermination. On remand, the presiding and administrative judge of the Housing Division of the Cleveland Municipal Court recused himself and all magistrates in the housing division and referred this matter to the general division of the court.[1] The case was then reassigned to judge in the general division.
A magistrate conducted a pretrial hearing on March 16, 1999, and an evidentiary hearing on the question of attorneys' fees. Appellant moved to dismiss appellee's claim for attorneys' fees. No order of reference appears in the record to refer these matters to the magistrate.
On June 18, 1999, the magistrate's decision was filed. It denied appellant's motion to dismiss and awarded attorneys' fees and costs to appellee's counsel. The decision granted judgment to each of the attorneys individually, but it stated that the award of attorney fees in this case shall be taxed as costs.
The court's final judgment was filed on the same date as the magistrate's decision. The court approved and confirmed the magistrate's decision and entered judgment for attorney Cornelius Manly in the amount of $1,662, and for C. David Witt in the amount of $14,334, plus interest from the date of judgment. Appellant has timely appealed this ruling.
 LAW AND ANALYSIS
The court's judgment in this case was based upon a magistrate's decision. Even though neither party has raised the issue, we must consider whether the magistrate had the power to act in this case.
Civil Rule 53 clearly requires an order of reference in order for a referee to have authority to conduct a hearing on a motion filed by a party. White v. White (1977), 50 Ohio App.2d 263, 266. Although the text of Civ.R. 53 has changed considerably since White
was decided, its holding remains true today. Absent an order of reference, a magistrate has no power to act.
[A]n order of reference may be specific to a particular case or may refer categories of motions or cases. Civ.R. 53(C)(1)(b). As this court explained in White, 50 Ohio App.2d at 267, an order of reference may be made in one of at least three ways:
 1. An individual journalized order of reference in a particular case or several cases;
 2. A blanket journalized order of reference in a particular type or types of cases;
 3. A local rule or rules providing for automatic reference in certain types of cases.
There was no journalized order of reference in this case. We are not aware of any blanket referral order for this type of matter in the municipal court. With respect to local rules, Rule 8.01 of the Cleveland Municipal Court Rules of Practices and Procedure provides:
Referrals to the Magistrates
 The magistrates of the court are empowered to hear and decide the following types of matters:
(1) actions in forcible entry and detainer
 (2) preseizure hearing actions in replevin other than motions for immediate seizure
(3) post judgment motions and collection proceedings
(4) small claims cases
 (5) license suspension hearings and requests for occupational driving privileges
(6) judgment debtor hearings and third party claims
(7) designated enforcements of sentence
(8) traffic proceedings * * * *
(9) default hearings
(10) bond forfeiture hearings
(11) income tax arraignments
(12) parking violation appeals
 (13) any other cause properly referred under the Ohio Civil, Criminal, or Traffic Rules of Procedure and/or the Ohio Rules of Superintendence for Municipal and County Courts.[2]
It is not clear whether this local rule is intended to automatically refer the listed matters to the magistrates or only to provide a guideline as to the types of matters which may be referred by separate order. Even if the rule automatically refers the listed matters to the court's magistrates, however, none of these provisions even arguably would have referred the issue of attorneys' fees and costs to the magistrate in this case.
The issue of attorneys' fees and costs and appellant's motion to dismiss were not properly before the magistrate because these matters were not referred to her. Ordway v. Ordway (Dec. 30, 1998), Wayne App. No. 97CA006947, unreported.
Of course, the municipal court always had the power to decide these issues independently; the magistrate's power to act did not affect the trial court's jurisdiction. Proctor v. Proctor (1988),48 Ohio App.3d 55, 59. Here, however, the court judgment was expressly based upon the magistrate's decision. The court did not make its own independent judgment.
The court had no evidence before it, independent of the magistrate's report, to decide the issue of attorneys' fees. Our previous decision required the court to conduct an evidentiary hearing, but the only hearing was held by the magistrate. The transcript of this proceeding was not even part of the record when the court made its decision, nor were the parties afforded any opportunity to challenge that evidence before the court made its decision. Ordway, Wayne App. No. 97CA006947, unreported; Glasser v. Glasser (1965), 5 Ohio App.2d 37. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and ANNE L. KILBANE, J. CONCUR.
 _______________________ KENNETH A. ROCCO, JUDGE
[1] One of appellee's attorneys had been appointed as a magistrate in the Housing Division while the former appeal was pending. His fees were one of the subjects of reconsideration on remand.
[2] Sup.R. 19 provides for the appointment of magistrates to the municipal courts to hear default proceedings, forcible entry and detainer actions, small claims, traffic proceedings, and other appropriate matters referred by the court.