THE STATE, EX REL. GARNETT, APPELLANT, *v.* LYONS, CLERK, ET AL., APPELLEES.

(No. 75-451—Decided December 17, 1975.)

Mr. *Robert O. Garnett, pro se.*

Mr. *James B. Davis,* director of law, Mr. *Malcolm C. Douglas* and Mr. *James M. Mackey,* for appellees.

*Per Curiam.* The ultimate question for determination here is whether appellant is entitled to a writ of procedendo.

Appellant, in his complaint, asserts that he is entitled to a default judgment as a matter of law. In support, appellant argues the invalidity and unlawfulness of the ex parte extension of time afforded defendant in the Municipal Court.

Appellees counter those arguments urging that such extension of time may be granted ex parte, and that the relief sought by appellant, in substance, is a favorable ruling on his motion for default judgment, which ruling may not be granted by a writ in procedendo.

This action does not require merit determination of the validity of the ex parte order.* Such question may be the proper subject of determination on appeal, which we do not now decide. Moreover, as to the issue whether appellant is entitled to a default judgment as a matter of law, procedendo is an order requiring a lower court to proceed to judgment and not an order directing a lower court to make a judgment for or against a particular side or issue.

Appellees, however, do confirm that no explicit ruling has been made relative to appellant's motion for default judgment. Appellant contends that, under M. C. Sup. R. 3(B), particular session assignment of the Municipal Court case should have been made upon the filing of the motion for default judgment.

Under M. C. Sup. R. 3(B) (1), a listing is made of

---

*Although appellant notes failure of the Municipal Court to rule on other matters related to the motion for default judgment, including a February 14, 1975, motion to strike defendant's answer, these questions are mooted by reason of the holding of this court relating to the time extension granted by the Municipal Court. A further question urged by appellant relating to the failure of the Court of Appeals to rule on his motion to disqualify Judge Jackson of the Court of Appeals is not relevant to disposition herein, and it is noted that such motion was not filed until after the entry of dismissal was filed by the Court of Appeals.

subject categories which must be disposed of by a particular session of court and these categories include "(a) [c]ivil cases in which a motion for default judgment is made; * * *." Rule 3(B) (2) governs individual assignments and states that "[c]ivil cases shall be assigned under this subsection when an answer is filed * * * or when a motion, other than one for default judgment, is filed."

Inasmuch as the time extension was granted in the face of the motion for default judgment, it would be unreasonable to conclude other than that such extension was tantamount to a ruling denying the motion for default judgment. While technically a docket entry overruling the motion for default judgment would have been preferred and obviated the problem, a remand, however, to the trial court for a perfunctory ruling now would require a vain act, and this court will not countenance such an act by issuance of the extraordinary prerogative writ of procedendo.

Holding, as we do, that under these circumstances the time extension grant by the Cleveland Municipal Court constituted a ruling on appellant's motion for default judgment, the civil case therein became eligible for individual assignment which was not due until the defendant answered, which was February 7, 1975.

For the foregoing reasons, the judgment of the Court of Appeals, denying the writ of procedendo, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.