[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 180.]

THE STATE EX REL. CRANDALL, PHEILS & WISNIEWSKI ET AL., *v.* DECESSNA, JUDGE.

[Cite as *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 1995-Ohio-98.]

*Prohibition and procedendo restraining judge from exercising any jurisdiction to vary the mandate of the court of appeals and compelling judge to carry out the mandate by holding a trial on sole issue of damages—Writs granted, when—Appellate procedure—Law-of-the-case doctrine applied.*

(No. 95-64—Submitted June 6, 1995—Decided August 16, 1995.)

IN PROHIBITION and PROCEDENDO.

———————————

{¶ 1} Relators, the law firm of Crandall, Pheils & Wisniewski and its individual members, provided legal representation for David Palmer and Ok Sun Palmer in connection with an automobile accident involving Ok Sun Palmer. On January 27, 1988, relator Dale R. Crandall, individually and on behalf of the law firm, filed a complaint in the Lucas County Court of Common Pleas to collect attorney fees from the Palmers. The Palmers filed a complaint in Lucas County against Crandall and the firm alleging legal malpractice. On October 22, 1991, relators and the Palmers entered into a release and settlement agreement in which the Palmers released and forever discharged relators "from any and all claims, demands, debts, damages, actions and causes of action *** occurring at any time prior to or contemporaneous with the execution" of the agreement.

{¶ 2} On November 6, 1991, the Palmers filed a complaint against relators in the Wood County Court of Common Pleas claiming defamation, breach of attorney-client privilege, and invasion of privacy in connection with relators' legal representation of the Palmers. Relators filed an answer as well as a counterclaim

that alleged that the settlement agreement obligated the Palmers to indemnify relators from their claims and that the Palmers were therefore guilty of malicious prosecution, causing damages in excess of $100,000.

{¶ 3} Respondent, Wood County Common Pleas Court Judge Donald A. DeCessna, granted judgment in favor of relators on all of the Palmers' claims and further entered judgment for relators on their counterclaim in the amount of $1,000. Judge DeCessna determined that the Palmers' settlement agreement obligated them to hold relators harmless for the allegations in the Palmers' complaint.

{¶ 4} On February 5, 1993, the Court of Appeals for Wood County affirmed Judge DeCessna's judgment concerning the Palmers' complaint and also affirmed the finding that the Palmers were liable on relators' counterclaim. However, since relators had only moved for partial summary judgment on the issue of liability on their counterclaim, the court of appeals sustained their cross-appeal and reversed the portion of Judge DeCessna's judgment regarding damages. The court of appeals remanded the cause to the Wood County Court of Common Pleas "for further proceedings concerning the issue of damages as to [relators'] counterclaim." The court of appeals denied the Palmers' application for reconsideration, and no further appeal was taken by any party.

{¶ 5} Following remand, the Palmers filed various motions, requesting relief from the judgment affirmed by the court of appeals and a reinstatement of their complaint. Judge DeCessna did not rule on any of these motions. On May 14, 1993, in a case involving the same parties, the Court of Appeals for Lucas County determined that the October 21, 1991 settlement agreement was void because it was executed when Ok Sun Palmer did not have either an attorney or an interpreter. The court of appeals remanded the case to the Lucas County Court of Common Pleas for a new trial. Judge DeCessna then continued the Wood County case and placed it on the court's inactive docket pending a definitive decision by the court of appeals.

**{¶ 6}** On August 10, 1993, the court of appeals in the Lucas County case granted relators' application for reconsideration in part, but entered judgment in favor of David Palmer and remanded the case to the Lucas County Court of Common Pleas as to Ok Sun Palmer based on the invalidity of the settlement agreement as to her. Despite numerous requests by relators for a trial on the sole remand issue of damages, Judge DeCessna issued another order keeping the remanded case on the inactive docket pending resolution of the Lucas County case.

**{¶ 7}** On January 12, 1995, relators instituted this action, seeking writs of prohibition and procedendo restraining Judge DeCessna from exercising any jurisdiction to vary the mandate of the Court of Appeals for Wood County and compelling Judge DeCessna to carry out the mandate by holding a trial on the sole issue of damages.

_____

*Pheils & Wisniewski* and *David R. Pheils, Jr.,* for relators.

*Rayle & Matthews, Max E. Rayle* and *Mimi S. Yoon*, for respondent.

_____

***Per Curiam.***

**{¶ 8}** Relators assert in their first and second propositions of law that they are entitled to a writ of prohibition. To obtain a writ of prohibition, relators must establish (1) that Judge DeCessna is about to exercise judicial or quasi-judicial power, (2) that exercise of that power is unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952.

**{¶ 9}** Relators contend that Judge DeCessna disregarded the mandate of the court of appeals. Under the doctrine of the law of the case, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal

in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. The Ohio Constitution does not give a court of common pleas jurisdiction to review a prior mandate of a court of appeals. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 19, 391 N.E.2d 343, 345. Accordingly, a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115, 1117, citing *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376 (writ of prohibition issued to prevent retrial on issue of fraud damages where mandate limited retrial to emotional-distress damages).

{¶ 10} The court of appeals' mandate in the prior appeal ordered Judge DeCessna to conduct further proceedings limited to the issue of damages on relators' counterclaim. However, Judge DeCessna instead inactivated the remanded case pending resolution of a Lucas County Common Pleas Court case involving the same parties. The mandate did not condition the common pleas court's duty to conduct further proceedings on any pending case. Therefore, Judge DeCessna has failed to comply with the mandate of the court of appeals and has continued to disregard that mandate by failing to set the case for and hold a trial limited to the damages issue.

{¶ 11} Judge DeCessna claims that no writ should issue because the same court of appeals that issued the mandate subsequently issued judgments in Lucas County cases involving relators and the Palmers which invalidated the identical settlement agreement that served as the basis for relators' counterclaim in the Wood County case. Judge DeCessna thus appears to contend that an intervening decision by the same court of appeals that issued the mandate constitutes an extraordinary circumstance which gave him discretion to disregard the mandate.

{¶ 12} We have stated that an example of an extraordinary circumstance which provides an exception to the law-of-the-case doctrine is an intervening

4

Supreme Court case that states a rule of law in conflict with the mandate. *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1994), 70 Ohio St. 3d 344, 345, 639 N.E.2d 25, 26, citing *Jones v. Harmon* (1930), 122 Ohio St. 420, 172 N.E. 151, syllabus; see, also, *State ex rel. Davis v. Cleary* (1991), 77 Ohio App.3d 494, 602 N.E.2d 1183. Here, there is no intervening Supreme Court case. However, there are intervening decisions of the same court of appeals. Some courts have held that an appellate court will, upon a subsequent appeal, correct an error in its decision upon a former appeal when such error is shown by a contrary decision of the same court in another case, particularly where, following the decision in the prior appeal, the same court set forth a different rule in another case, thus either expressly or by necessary implication overruling the previous decision. Annotation, Erroneous Decision as Law of the Case on Subsequent Appellate Review (1963), 87 A.L.R.2d 271, 344-345, Section 24[a].

{¶ 13} However, in the two subsequent Lucas County appellate cases relied on by Judge DeCessna, the court of appeals expressly determined that its prior Wood County case was not *res judicata* as to the Lucas County cases because "[a] review of the previous decision from [the] court reveals that the issue of whether settlement proceedings were improperly conducted, rendering the settlement void, was not raised or considered." In the Wood County case, the Palmers did not assert on appeal, as they did in the Lucas County cases, that the settlement agreement was invalid as to Ok Sun Palmer because the settlement proceedings were conducted when her attorney was not present. Therefore, the Lucas County appellate cases did not set forth a contrary rule or overrule, either expressly or by implication, the Wood County case.

{¶ 14} Since final judgment was entered in favor of relators on the issue of liability of the Palmers on relators' Wood County counterclaim, Judge DeCessna, relators, and the Palmers were obliged to accept the issue as finally settled. See *Morton Internl., Inc. v. Continental Ins. Co.* (Jan. 25, 1995), Hamilton App. No. C-

930613, unreported. Application of the law-of-the-case doctrine here furthers the doctrine's necessary purposes of ensuring consistency of results, avoiding endless litigation, and preserving the constitutional structure of superior and inferior courts. See *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 160, 519 N.E.2d 390, 393, quoting *Nolan, supra*, 11 Ohio St.3d at 3-4, 11 OBR at 2-3, 462 N.E.2d at 412-413.

{¶ 15} In addition, Judge DeCessna does not claim that he lacks jurisdiction to hold the remand proceedings because of the Lucas County proceedings. See, generally, *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809, quoting *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062 ("'"As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties."'"). There is also no indication that the Lucas County case involves the same cause of action as the Wood County case. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113,515 N.E.2d 911, 913.

{¶ 16} Therefore, because there are no extraordinary circumstances justifying deviation from the court of appeals' mandate, a writ of prohibition will issue to prevent Judge DeCessna from improperly refusing to comply with the mandate by staying the proceedings on remand. See *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 103-104, 647 N.E.2d 792, 797. Relators' first and second propositions of law are sustained.

{¶ 17} Relators contend in their third proposition of law that a writ of procedendo should also issue. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Doe v. Tracy* (1988), 51 Ohio App.3d 198, 200, 555 N.E.2d 674, 677, citing *State ex rel. Wallace v. Tyack* (1984), 13 Ohio St.3d 4, 13 OBR 379, 469 N.E.2d 844. A writ of procedendo will issue requiring a judge to proceed

to final judgment where the judge erroneously stayed the proceeding based on a pending case which has no effect on jurisdiction to proceed. See *State ex rel. Davey v. Owen* (1937), 133 Ohio St. 96, 105-106, 10 O.O. 102, 106, 12 N.E.2d 144, 149. Judge DeCessna asserts that any delay caused by his inactivation of the case pending the Lucas County case was justified because of the Lucas County appellate cases. However, for the reasons set forth in the discussion of relators' first and second propositions of law, this assertion is meritless.

{¶ 18} The court of appeals issued its mandate in the previous appeal on February 5, 1993. By the time relators filed this action, nearly two years had elapsed and the trial court had still not complied with the court of appeals' mandate. Judge DeCessna's unjustified delay in proceeding to comply with the mandate requires the issuance of a writ of procedendo directing him to hold a trial on the sole issue of damages as to relators' counterclaim.

{¶ 19} Accordingly, the requested writs of prohibition and procedendo are granted.

*Writs granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————