[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before this court on a petition for a writ of mandamus filed by relator, Deshaun Jackson, acting pro se.
A brief history of this case is as follows. Previously, appellant appealed both his conviction for three counts of complicity to felonious assault and the trial court's imposition of three consecutive six-year prison terms for those offenses. On February 5, 1999, this court affirmed appellant's conviction.State v. Jackson (Feb. 5, 1999), Erie App. No. E-97-116, unreported. However, we vacated appellant's sentence and remanded the matter to the trial court for resentencing because the trial court did not make specific findings on the record to support the imposition of consecutive sentences, as required by former R.C. 2929.14(E)(3).[1] Id.
On February 24, 1999, relator was brought before the trial court for a resentencing hearing. On March 1, 1999, the trial court filed a judgment entry in which it stated that relator had "waived his right to appeal the sentence only and reserved the right to appeal all other appealable issues * * * [and] further waived his right for findings on the record." Ultimately, the trial court resentenced appellant to three five-year consecutive prison terms. The record does not contain any findings by the trial court relating to the imposition of consecutive sentences.
Relator filed a request for a delayed reopening of his appeal in this court, in which he asserted that his new sentence is contrary to law because the record does not contain the requisite findings pursuant to R.C. 2929.14(E)(3). On October 28, 1999, this court denied relator's request for a delayed appeal, after stating that "appropriate procedure to attack the trial court's failure to comply with this court's mandate" is a petition for a writ of mandamus. State v. Jackson (Oct. 28, 1999), Erie App. No. E-99-062, unreported.
On January 12, 2000, relator filed the petition herein, in which he reasserts that, on remand, respondent failed to make the requisite findings pursuant to both R.C. 2929.14(E)(3) and the mandate of this court. On January 25, 2000, respondent, the Honorable Judge Joseph E. Cirrigliano, filed a response, in which he argues that relator's petition is "moot" because relator waived his right to findings "on the record as mandated by O.R.C. § 2929.14(E)(3) * * *."
It is well established that, before a relator is entitled to a writ of mandamus, he "must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law." State ex rel Howard v. Ferreri
(1994), 70 Ohio St.3d 587, 589.
The trial court in this case had a clear legal duty, pursuant to R.C. 2929.14(E)(3) and the mandate of this court, to make the requisite findings. In addition, we have already determined in our October 28, 1999 decision that relator has no other adequate remedy at law. Respondent argues, however, that it was not required to make findings of fact on remand, because relator agreed to waive such findings in exchange for a lesser sentence.
It is well-settled that, absent extraordinary circumstances, such as an intervening decision by the Supreme Court, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v.Nolan (1984), 11 Ohio St.3d 1, at the syllabus. In addition, the Ohio Constitution does not give a common pleas court jurisdiction to review a prior mandate of a court of appeals.State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995),73 Ohio St.3d 180, 182, citing State ex rel. Potain v. Mathews
(1979), 59 Ohio St.2d 29, 32.
As set forth above, this court specifically remanded this case to the trial court so that "the necessary factual findings to support the imposition of consecutive sentences" could be made.Jackson, supra. Relator does not assert, and the facts do not demonstrate, that "extraordinary circumstances" such as those set forth in Nolan, supra, exist in this case. Thus, on remand, respondent had no discretion to attempt to circumvent this court's mandate by obtaining a waiver of such findings from relator.
Upon consideration of the foregoing, this court finds relator's application for a writ of mandamus is found well-taken. Relator's sentence is hereby vacated, and the Erie County Common Pleas Court is given thirty days from the date of this order to resentence relator in accordance with this decision. It is so ordered. Court costs assessed to respondent.
PETITION GRANTED.
 __________________________________________ JAMES R. SHERCK, J., JUDGE.
 __________________________________________ RICHARD W. KNEPPER, P.J., JUDGE.
 __________________________________________ MARK L. PIETRYKOWSKI, J., JUDGE CONCUR.
[1] Effective September 16, 1997, R.C. 2929.14 was revised. The relevant provisions of former R.C. 2929.14(E)(3) are now contained in R.C. 2929.14(E)(4). In this opinion, we will refer to the statute at issue as R.C. 2929.14(E)(3).