OPINION
Defendant-appellant, Robert Reese, appeals from the judgment of the Mahoning County Common Pleas Court classifying him as a sexually oriented offender and requiring him to register pursuant to R.C. 2950.04.
Appellant is currently serving a prison term for a felonious assault conviction with a firearm specification which occurred in 1986.
On March 12, 1998, the trial court received a sexual predator screening instruction and a recommendation from the Department of Rehabilitation and Corrections that appellant be adjudicated a sexual predator pursuant to R.C. 2950.09. Appellant filed a motion to dismiss the request that he be adjudicated a sexual predator and on October 30, 1998 the trial court sustained this motion. No appeal was taken by the prosecutor to the court's ruling on a constitutional matter.
The court, however, held a hearing on December 9, 1998, to determine whether appellant should be classified as a sexual predator or as an habitual sex offender. At the hearing, plaintiff-appellee, the State of Ohio, informed the court that it was not going to pursue a sexual predator classification because it did not believe it could meet its burden of clear and convincing evidence. However, appellee asked the court to examine appellant's background and instruct appellant to register as either a sexually oriented offender or as an habitual offender.
The court noted that, in sustaining appellant's previous motion to dismiss, it had ruled that the statute requiring sex offenders to register was unconstitutional by reason of being an ex post facto law. However, the court pointed out that since then the Supreme Court had ruled in State v. Cook (1998), 83 Ohio St.3d 404, that the statute was constitutional. Therefore, the court took the matter under advisement. It subsequently found, in its February 19, 1999 judgment entry, that appellant was not a sexual predator but that he was a sexually oriented offender who must register pursuant to R.C. 2950.04.
Appellant filed a notice of appeal on March 22, 1999. He raises two assignments of error, the first of which states:
 "THE TRIAL COURT ERRED IN HOLDING HEARING [sic] BECAUSE THE COURT WAS WITHOUT SUBJECT MATTER JURISDICTION DUE TO ITS EARLIER DISMISSAL."
Appellant argues that since the court sustained his motion to dismiss on October 30, 1998, it could not later rule on the same matter. Therefore, appellant claims that the court's judgment entry requiring him to register as a sexually oriented offender is void for lack of subject matter jurisdiction. Appellant asserts that the court's judgment is voidab initio. Citing, Patton v. Diemer (1988), 35 Ohio St.3d 68, 70.
We find that the trial court did error in its ruling but for a different reason than what appellant is proposing. The law of the case doctrine provides that the decision of a reviewing court in a particular case remains the law of that case for all subsequent proceedings. Nolanv. Nolan (1984), 11 Ohio St.3d 1, 3. The law of the case doctrine has been extended to include a lower court's adherence to its own prior decisions. Poluse v. City of Youngstown (Dec. 17, 1999), Mahoning App. No. 98-CA-84, unreported, 1999 WL 1243140 at *2.
Under this doctrine, once the trial court decided that the statute requiring sex offenders to register was unconstitutional, that decision was the law of the case and the trial court was obligated to follow its decision absent an appeal and reversal. Therefore, it was without the authority to hold a hearing on December 9, 1998 to determine whether appellant should be classified as a sexual predator, a habitual sex offender, or a sexually oriented offender and made to register pursuant to the statute, because, by its own ruling, the court already decided the case.
Without the law of the case doctrine cases would have no finality. The Supreme Court described the necessity of the law of the case doctrine inNolan, supra. It stated:
 "[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id. at 3
There is an exception to the law of the case doctrine. The trial court may choose to disregard the mandate of an appellate court and instead follow an intervening Ohio Supreme Court decision which states a rule of law that conflicts with the appellate court's mandate. Nolan, supra, at the syllabus; State ex rel. Crandall, Pheils, Wisniewski v. DeCessna
(1995), 73 Ohio St.3d 180, 183. However, in the present case, the state never appealed the decision of the trial court which granted appellant's motion to dismiss. Had it done so, this court would have ruled on the issue. If this court had affirmed the trial court's decision holding the statute to be unconstitutional, the trial court would then have been free to disregard this court's decision once the Supreme Court ruled in Cook,supra, that the statute was constitutional. If this court would have reversed the trial court's decision and remanded the matter, the trial court would have been mandated to follow our decision and therefore have authority to make the findings it subsequently made.
Since the trial court was obligated to follow its prior ruling in this case, it was without authority to later require appellant to register. Therefore, appellant's first assignment of error is well taken.
Since appellant's first assignment of error is dispositive, we need not address the merits of appellant's second assignment of error which states:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUALLY ORIENTED OFFENDER, BECAUSE THERE WAS NO EVIDENCE BEFORE THE TRIAL COURT TO DO SO."
Accordingly, based on the merit of appellant's first assignment of error, the decision of the trial court is hereby reversed and its judgment vacated.
 __________________________ DONOFRIO, J.
Vukovich, J., concurs
Waite, J., concurs