JOURNAL ENTRY and OPINION
Nichole D. Nalls, the relator, has filed an amended complaint for writs of prohibition, mandamus, and procedendo. Nalls seeks an order from this court to prevent Judge Joseph F. Russo and Magistrate Mark R. Majer, the respondents, from exercising jurisdiction in the underlying case of In reNalls, Cuyahoga County Juvenile Court Case No. 01902563. Nalls also prays that this court issue a writ of mandamus to require Judge Peter M. Sikora, Ex-Officio Clerk, respondent, to strike the judgment entry of October 22, 2001, as entered in In re Nalls, supra. In the alternative, Nalls seeks a writ of procedendo to require Magistrate Majer "to prepare, sign, and file a Magistrate's Decision in Case No. 01902563 with Respondent Judge Sikora, Ex-Officio Clerk, who shall serve copies on all parties or their attorneys." The respondents have filed a joint motion for summary judgment which we grant for the following reasons.
On January 31, 2001, the Cuyahoga County Department of Children and Family Services (CCDCFS) removed Nalls' son, Darin Nalls, from her custody and placed him with a relative pending action by the Cuyahoga County Juvenile Court. On February 2, 2001, CCDCFS filed a complaint in the Cuyahoga County Juvenile Court alleging that Darin Nalls was an abused and dependent child pursuant to R.C. 2151.031(D) and R.C. 2151.04(B) and (C). On May 29, 2001, the complaint for abuse and dependency was dismissed. On May 31, 2001, a second complaint, which alleged that Darin Nalls was an abused and dependent child, was filed in the Cuyahoga County Juvenile Court and assigned to the docket of Judge Russo. On August 20, 2001, and October 3, 2001, Magistrate Majer conducted hearings with regard to the abuse and dependency complaint. On October 22, 2001, a joint journal entry, as executed by Judge Russo and Magistrate Majer, was filed and journalized and specifically found that Darin Nalls was a dependent child as defined by R.C. 2151.04(C) and subject to a dispositional hearing. On October 25, 2001, Nalls filed her complaint for writs of prohibition, mandamus, and procedendo.
Nalls' complaint for prohibition, as well as her request for mandamus and procedendo, is premised upon alleged procedural defects that occurred with regard to the hearings conducted by Magistrate Majer and the finding of dependency rendered by Judge Russo. Specifically, Nalls argues that Magistrate Majer and Judge Russo lacked the necessary jurisdiction to conduct any hearings, issue any findings of dependency, or proceed to a final determination due to the following procedural defects: (1) no specific order of reference authorizing Magistrate Majer to conduct hearings with regard to the complaint for neglect and dependency was filed in Case No. 1902563; and (2) Judge Russo was not permitted to make a finding of dependency because Magistrate Majer did not issue an independent decision, as required by Juv.R. 40(E), following the neglect and dependency hearings.
Prohibition is an extraordinary writ which is not routinely or easily granted. For this court to issue a writ of prohibition, the relator must demonstrate that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. BarclaysBank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536,66 N.E.2d 458; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. In addition, an adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981),65 Ohio St.2d 68, 417 N.E.2d 1382; State ex rel. Sibarco Corp. v. City ofBerea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571. Finally, prohibition must be used with great caution and should not be issued in a doubtful case.State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
In the case sub judice, Nalls argues that: (1) Judge Russo and Magistrate Majer have exercised jurisdiction and are about to exercise judicial power by making a final determination as to the disposition of Darin Nalls following a finding that he is a dependent child; (2) Judge Russo and Magistrate Majer are without jurisdiction to issue a final disposition following a determination that Darin Nalls is a dependent child; and (3) there exists no adequate remedy in the ordinary course of the law. Nalls has established the initial prong of the three-part test since she has established that Judge Russo and Magistrate Majer have exercised jurisdiction and are about to make a final disposition as a result of finding that Darin Nalls is a dependent child. Nalls, however, has failed to establish the second and third prongs of the three-part test.
Judge Russo and Magistrate Majer possess the necessary jurisdiction to hear a complaint which alleges that Darin Nalls is an abused or dependent child. The jurisdiction necessary to hear a complaint for an abused or dependent child is contained in Article IV, Section 4 of the Ohio Constitution and R.C. 2151.07. In addition, the procedures employed by Judge Russo and Magistrate Majer, which ultimately resulted in the determination that Darin Nalls was a dependent child, did not divest them of the necessary jurisdiction to render such a decision and to proceed to a final disposition.
Nalls argues that the lack of a specific order of reference to Magistrate Majer prevented the magistrate from conducting any hearings with regard to the complaint for an abused and dependent child and further prevented Judge Russo from reviewing and adopting the decision of Magistrate Majer. Contrary to Nalls' argument, an individualized and specific order of reference is not required in order for a magistrate to hear any matters that are referred by a judge that has been assigned to preside over a specific complaint filed in the juvenile court. This court, in In re Morales, et al. (April 12, 2001), Cuyahoga App. No. 78271, unreported, examined the issue of a lack of jurisdiction on the part of the Cuyahoga County Juvenile Court to proceed to a final determination vis-a-vis the failure of the record to contain an order of reference to a magistrate, and held that:
 In her fourth assignment of error, Ms. Pearson contends that the trial Court lacked jurisdiction to hear the motion for permanent custody because the record of the case does not contain an order of reference to the magistrate who heard the temporary custody complaint. CCDCFS maintains that an order of reference was journalized with the Cuyahoga County Juvenile Court Clerk of Courts. The issue here is whether the trial court had jurisdiction to hear the motion for permanent custody.
 Juv.R. 40 and Civ.R. 53 provide that a juvenile judge may appoint a magistrate to act in a proceeding and hear and recommend disposition on official cases. Juv.R. 40 and Civ.R. 53 require an order of reference in order for a magistrate to have such authority.
 Juv.R. 40 and Civ.R. 53 do not specify the form of the reference order nor do they require the court to journalize an individual order of reference for each issue submitted. White v. White (1977), 50 Ohio App.2d 263, 267. There is no specific requirement, limitation, or restriction on the manner or method of the court entering an order of reference. Id. An order of reference may be made in one of at least three ways:
 1. An individual journalized order of reference in a particular case or several cases;
 2. A blanket journalized order of reference in a particular type or types of cases;
 3. A local rule or rules providing for automatic reference in certain types of cases.
 Id.
 Here, the record shows that a blanket journalized order of reference, as referred to in 2 above, was issued by the juvenile court for Magistrate Peter Murray and journalized with the Cuyahoga Juvenile Court Clerk of Courts on July 25, 1999. Thus, the underlying order of temporary custody issued by Magistrate Murray is valid and the trial court had jurisdiction to hear the motion for permanent custody. Accordingly, Ms. Pearson's fourth assignment of error is overruled.
Id., at 14.
Attached to the joint motion for summary judgment is a copy of a journal entry, journalized on June 25, 1999, which clearly demonstrates that a blanket order of reference was issued by the Cuyahoga County Juvenile Court for Magistrate Majer. This blanket journal order of reference vested Magistrate Majer with the necessary jurisdiction to conduct a hearing with regard to the complaint for an abused or dependent child and issue a decision and recommendation. White v. White, supra; Inre: Morales, supra; Juv.R. 40; Loc.R. 9 of the Court of Common Pleas of Cuyahoga County, Juvenile Division.
We further find that Judge Russo possessed the necessary jurisdiction to adopt the decision as issued by Magistrate Majer and make a determination that Darin Nalls was a dependent child subject to further proceedings. Juv.R. 40(E)(4)(c) provides that:
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days. (Emphasis added).
A journal entry was journalized on October 22, 2001, which specifically determined that Darin Nalls was a dependent child, subject to further proceedings. The journal entry was signed by both Judge Russo and Magistrate Majer and contained the following statements:
 1) The matter came on for hearing on October 3, 2001, before Judge Joseph F. Russo and upon the report and recommendation of Magistrate Mark R. Majer;
 2) The case came before the court on a refiled complaint alleging the abuse and dependency of Darin Nalls;
 3) Magistrate Majer found that all notice requirements have been meet and that all necessary parties were present;
4) The complaint was read in open court;
 5) Magistrate Majer explained all legal rights and found that mother and father were represented by counsel;
 6) On February 2, 2001, CCDCFS filed a complaint alleging that Darin Nalls was an abused and dependent child. The Court dismissed the complaint by operation of law;
 7) On May 31, 2001, CCDCFS refiled the complaint which alleged that Darin Nalls was an abused and dependent child;
 8) Testimony was sought from several witnesses. No evidence was adduced at trial which inculpated Nalls in the death of her daughter, Danielle Nalls;
 9) Testimony was adduced that Nalls possessed a history of becoming enraged and physically violent towards Mr. Nalls in the presence of the children;
 10) CCDCFS brought forth testimony of a violent household, the death of Danielle, Nalls' lack of cooperation with social worker, telephone harassment, and Nalls' alcohol problems.
 11) Darin Nalls was adjudicated to be a dependent child and disposition was set in accordance with the Court's and counsel's schedules; and
 12) The parties were informed of the right to appeal to the assigned judge within ten (10) days of the entry of the finding of dependency. The Clerk was ordered to serve all parties with notice of the judgment entry as journalized on October 22, 2001.
Clearly, the journal entry of October 22, 2001, must be viewed as a combination of both the recommendation and decision of Magistrate Majer and the immediate adoption of the recommendation and decision by Judge Russo as authorized by Juv.R. 40(E) and Civ.R. 53. See In re Van Sickle
(June 5, 1997), Franklin App. Nos 96-APF10-1428, 96-APF10-1444, unreported; In re Hopper (April 15, 1997), Ross App. No. 96-CA-2244, unreported. See, also, Duganitz v. Ohio Adult Parole Auth. (2001),92 Ohio St.3d 556, 751 N.E.2d 1058. Having complied with Juv.R. 40(E) and Civ.R. 53, Judge Russo and Magistrate Majer possessed the necessary jurisdiction to issue the judgment of October 22, 2001, which found that Darin Nalls was a dependent child, subject to additional proceedings. Thus, Nalls has failed to establish the second prong of the three-part test which would require this court to issue a writ of prohibition. See, generally, State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70,701 N.E.2d 1002; State ex rel. Sellers v. Gerken ((1995),72 Ohio St.3d 115, 647 N.E.2d 807; State ex rel. Enyart v. O'Neill
(1995), 71 Ohio St.3d 655, 646 N.E.2d 1110.
Nalls has also failed to establish that she does not possess an adequate remedy in the ordinary course of the law. As provided by Juv.R. 40(E) and Civ.R. 53, Nalls was permitted to timely file objections to the recommendation of Magistrate Majer and the interlocutory judgment rendered by Judge Russo and journalized on October 22, 2001. The filing of objections by Nalls would have automatically stayed the finding that Darin Nalls was a dependent child and allowed further review of the recommendation of Magistrate Majer and the judgment of Judge Russo. In addition, any final order issued by Judge Russo is subject to a direct appeal to this court which provides Nalls with an adequate remedy in the ordinary course of the law. Absent a patent and unambiguous lack of jurisdiction, an appeal from a judgment determining permanent custody in a juvenile proceeding will provide an adequate remedy at law which prevents this court from issuing a writ of prohibition. Cf. State ex rel.Toma v. Judge Corrigan (2001), 92 Ohio St.3d 589, 752 N.E.2d 281;Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div. (1996), 76 Ohio St.3d 374, 667 N.E.2d; Brooks v. Gaul (2000),89 Ohio St.3d 202, 729 N.E.2d 752.
Finally, having found that a writ of prohibition should not be issued prevents this court from granting Nalls' request for writs of mandamus and procedendo. Judge Peter M. Sikora, Ex-Officio Clerk, possesses no duty to strike the judgment entry of October 22, 2001 from the court's record nor does Magistrate Majer possess any duty to re-issue his recommendation and decision. Thus, Nalls has failed to demonstrate that she is entitled to either a writ of mandamus or a writ of procedendo. Cf. R.C. 2731.01;State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88,694 N.E.2d 459; State ex rel. Rose v. Radcliffe (1988), 37 Ohio St.3d 245,525 N.E.2d 760; State ex rel. Fant v. Staples (1987), 33 Ohio St.3d 120,515 N.E.2d 618; State ex rel. Willis v. Sheboy (1983), 6 Ohio St.3d 167,451 N.E.2d 1200; State ex rel. Garnett v. Lyons (1975), 44 Ohio St.2d 125,339 N.E.2d 628; State ex rel. Brammer v. Hayes (1955), 164 Ohio St. 373,139 N.E.2d 795.
Accordingly, we grant the respondents' joint motion for summary judgment. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment and date of entry, pursuant to Civ.R. 58(B), upon all parties. Costs to relator.
Writs denied.
MICHAEL J. CORRIGAN, P.J. CONCURS ANNE L. KILBANE, J. CONCURS