OPINION JOURNAL ENTRY
This cause is before this court on a Petition for Writ of Procedendo filed pro-se by relator on October 1, 2001. Relator seeks an order from this court to compel respondent to rule on a motion for jail time credit which he had filed on May 2, 2001. Relator relies on Rule 40 of the Rules of Superintendence for the Courts of Ohio, which reads in pertinent part as follows:
 "All motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms."
On October 5, 2001, respondent filed a response to the petition for writ of procedendo. Attached thereto is a copy of a September 13, 2001 judgment entry from the underlying criminal proceeding. That order overrules the relator's motion for jail time credit. As indicated on the order, copies were mailed to the prosecutor's office, the records office at the Belmont Correctional Institution and relator.
On the record before this court it appears that respondent has ruled on the motion, rendering this petition for writ of procedendo moot.
The principles demonstrating entitlement to a writ are discussed inState ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64 . As stated therein:
 "In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the party of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas
(1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Crandall, Pheils Wisniewski v. DeCessna
(1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745. An "`inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, quoting State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324."
Moreover, a writ of procedendo will not be issued to compel the performance of a vain act. State ex rel. Barnett v. Lyons (1975),44 Ohio St.2d 125.
As the respondent has proceeded to judgment on the pending motion we dismiss this petition as moot.
Costs taxed against relator. Final order. Clerk to serve notice of this judgment on the parties as provided by the civil rules.
VUKOVICH, P.J., DONOFRIO, J. and DeGENARO, J., concurs.