ORIGINAL ACTION JOURNAL ENTRY AND OPINION
J.W. Walker, the relator, has filed a complaint for a writ of procedendo through which he seeks an order from this court which requires Judge Judith Kilbane Koch, the respondent, to "issue Findings of Fact and Conclusions of Law concerning the Summary Judgments and subsequent dismissal" as rendered in the underlying case of Walker v. Karp, et al., Cuyahoga County Court of Common Pleas Case No. 440575. Judge Koch has filed a motion to dismiss Walker's complaint for a writ of procedendo, which motion we grant for the following reasons.
Initially, we find that Walker's complaint for a writ of procedendo should be dismissed because it is Improperly captioned. The application for a writ "must be by petition, in the name of the state on the relation of the person applying." The failure to caption a writ action properly constitutes sufficient grounds for dismissal of the petition. Cf. Allenv. Court off Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270, Dunning v. Judge Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763, unreported. In addition, Walker has failed to comply with the mandatory requirement of R. C. 2969.25(A), which provides that an inmate, when filing a civil action against a government entity or employee, must also file an affidavit that contains a description of each civil action or appeal of a civil action filed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v.Cuyahoga Cty. Court of Common Pleas (2002), 94 Ohio St.3d 210,761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk offCourts (2001), 92 Ohio St.3d 402, 750 N.E.2d 594.
Finally, Walker has failed to establish that this court should issue a writ of procedendo on his behalf. Procedendo is an extraordinary remedy issued by a court of superior jurisdiction. ordering an inferior court to proceed to judgment in a case. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 671 N.E.2d 24; State ex rel. Sherrills v. CuyahogaCty. Court of Common Pleas (1995), 72 Ohio St.3d 461, 650 N.E.2d 899;State ex rel. Carnett v. Lyons (1975), 44 Ohio St.2d 125, 339 N.E.2d 628. In order for this court to issue a writ of procedendo, Walker must establish that: 1) he possesses a clear legal right to require Judge Koch to proceed to judgment; 2) Judge Koch possesses a clear legal duty to proceed to judgment; and 3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Grove v. Nadel (1998),81 Ohio St.3d 325, 691 N.E.2d 275; State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 652 N.E.2d 742.
In the case sub judice, Walker has failed to establish the first and second prongs of the aforesaid three-part test. Judge Koch has already proceeded to judgment, in the underlying action of Walker v. Karp, etal., supra, by granting motions to dismiss as filed by each and every named defendant and denying Walker's motion for summary judgment. In addition, Judge Koch possesses no duty to enter findings of fact and conclusions of law with regard to the dispositions of the motions to dismiss and the motion for summary judgment. Civ.R. 52; Mayer v. Bristow
(2000), 91 Ohio St.3d 3, 740 N.E.2d 656; State ex rel. Drake v. AthensCty. Bd. of Elections (1988), 39 Ohio St.3d 40, 528 N.E.2d 1253.
Accordingly, we grant Judge Koch's motion to dismiss. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment and date of entry, pursuant to Civ.R. 58(B), upon all parties. Costs to Walker.
Complaint for procedendo dismissed.
MICHAEL J. CORRIGAN, J. AND COLLEEN CONWAY COONEY, J. CONCUR.