JOURNAL ENTRY and OPINION
{¶ 1} J.W. Walker, the relator, has filed a complaint for a writ of procedendo. Walker seeks an order from this court which requires Judge Judith Kilbane Koch, the respondent, to re-enter the final appealable order, as entered in the underlying case of Walker v. Karp, et al., Cuyahoga County Court of Common Pleas Case No. CV-440757, and forward a copy of the final appealable order so that he can timely file an appeal. Judge Koch has filed a motion to dismiss which we grant for the following reasons.
{¶ 2} Initially, we find that Walker's complaint for a writ of procedendo is deficient because it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Walker to properly caption his complaint for a writ of procedendo constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al (Jan. 11, 2001), Cuyahoga App. No. 78763.
{¶ 3} In addition, Walker has failed to comply with the mandatory requirement of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit that contains a description of each civil action or appeal of a civil action that he has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94. It must also be noted that Walker has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487.
{¶ 4} Finally, Walker has failed to establish that he is entitled to a writ of procedendo. A writ of procedendo is an extraordinary writ that is issued by a superior court to an inferior court, ordering the inferior court to proceed to judgment. State ex rel. Miley v. Parrott,77 Ohio St.3d 64, 1996-Ohio-350, 671 N.E.2d 24; State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas, 72 Ohio St.3d 461, 1995-Ohio-26,650 N.E.2d 899; State ex rel. Garnett v. Lyons (1975), 44 Ohio St.2d 125,339 N.E.2d 628. Herein, Judge Koch has already proceeded to judgment in the underlying case vis-a-vis the granting of motions to dismiss on behalf of all named defendants. In addition, any legal duty owed to Walker, with regard to notice of the granting of the motions to dismiss in Walker v. Karp, et al, supra, has already been fulfilled since the docket in the underlying action clearly demonstrates that notice was provided, thus rendering his request for a writ of procedendo moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278, 658 N.E.2d 723. It must also be noted that Judge Koch specifically issued a ruling, as journalized on November 2, 2001, which provided that:
 {¶ 5} Plaintiffs motion requesting copies of judgment and journal entries, filed 10-17-01, is denied. The docket reflects that notice was issued as to each journal entry. The docket also reflects the address provided by plaintiff namely LY E.C.I., 501 Thompson Road, Conneaut Ohio 44030-8000, is plaintiff's correct address.
{¶ 6} Accordingly, we grant Judge Koch's motion to dismiss. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment and date of entry, pursuant to Civ.R. 58(B), upon all parties. Costs to Walker.
Complaint for procedendo dismissed.
KENNETH A. ROCCO, P.J. CONCURS JAMES D. SWEENEY, J. CONCURS