OPINION and JOURNAL ENTRY
{¶ 1} Petition for Writ of Procedendo was filed pro-se by Relator on December 27, 2002, seeking an order to compel Respondent, a judge of the Mahoning County Common Pleas Court, to proceed to judgment on a "Substitute Motion for Jail Time Credit" which Relator had filed on October 3, 2002. On January 24, 2003, Respondent filed a motion to dismiss asserting that Respondent court had, in fact, ruled on said pending motion on January 23, 2003.
 {¶ 2} A review of the Clerk's docket record for Mahoning County Common Pleas Case No. 94-CR-48, captioned State of Ohio v. AntonioDeseignoria, reveals that on January 23, 2003, Respondent issued an order granting Relator a total of 142 days of jail time credit. Respondent computed the time confined according to records of the Mahoning County Sheriff's Department.
 {¶ 3} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Sherrillsv. Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461, 462,650 N.E.2d 899, 900. A writ is appropriate when there has been a refusal or an unnecessary delay in proceeding to judgment. State ex rel.Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180,184, 652 N.E.2d 742, 745.
 {¶ 4} In this case, the Respondent has proceeded to judgment on the motion. An extraordinary writ will not issue to compel an act already performed. State ex rel. Jerninghan v. Cuyahoga Cty. Court of CommonPleas (1996), 74 Ohio St.3d 278.
 {¶ 5} As Relator has been granted the relief requested in his petition, it is ordered that this Petition for Writ of Procedendo is dismissed as moot. Costs taxed against Petitioner.
 {¶ 6} Final order. Clerk to serve a copy on counsel or unrepresented party pursuant to the civil rules.
Petition dismissed.
Donofrio, Waite and DeGenaro, JJ., concur.