OPINION AND OURNAL ENTRY
{¶ 1} On August 8, 2004, Relator Robert J. Reed filed a Writ of Procedendo with this Court requesting that Common Pleas Judge Maureen Cronin be ordered to issue findings of fact and conclusions of law regarding the dismissal of Reed's post-conviction petition and rule upon Reed's motion to withdraw his plea and motion for judicial release.
 {¶ 2} On September 23, 2004, Respondent filed a response to the petition for writ of procedendo. Attached to the response are copies of entries from the underlying criminal proceeding that have been filed with the clerk of courts. The first order denies Reed's motion for judicial release, the second denies Reed's petition for post-conviction relief and delineates the court's findings of fact and conclusions of law, and finally, the third order denies Reed's motion to withdraw his plea.
 {¶ 3} The principles demonstrating entitlement to a writ are discussed in State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64. As stated therein:
 {¶ 4} "In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the party of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Sherrills v. Cuyahoga Cty. Court ofCommon Pleas (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899,900. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Crandall, Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 184,652 N.E.2d 742, 745. An "`inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" State ex rel. Dehler v.Sutula (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, quoting State ex rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324."
 {¶ 5} It appears from the record before this Court that Respondent has ruled upon all relevant motions, rendering this petition for writ of procedendo moot. A writ of procedendo will not be issued to compel the performance of a vain act. State exrel. Barnett v. Lyons (1975), 44 Ohio St.2d 125.
 {¶ 6} Accordingly, Respondent's motion to dismiss the petition is granted.
 {¶ 7} Relator's Petition for Writ of Procedendo is dismissed as moot.
 {¶ 8} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.