[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Niehaus,* Slip Opinion No. 2014-Ohio-4551.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4551

THE STATE EX REL. WRIGHT, APPELLANT, *v.* NIEHAUS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Niehaus,*

Slip Opinion No. 2014-Ohio-4551.]

*Procedendo—Relator seeks writ to compel trial judge to rule on motion for new trial—Record does not show that motion was ever filed—Writ denied.*

(No. 2014-0033—Submitted October 7, 2014—Decided October 16, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130743.

_____

**Per Curiam.**

{¶ 1} We affirm the Hamilton County Court of Appeals' judgment dismissing a petition for writ of procedendo to compel a trial judge to rule on relator Christopher Wright's motion for a new trial. There being no evidence that Wright's motion was ever filed in the trial court, the court of appeals was correct in dismissing the petition.

*Facts*

{¶ 2} Wright was convicted of felonious assault in the trial court. Wright appealed his conviction, and the court of appeals affirmed.

**{¶ 3}** Wright asserts that he filed a pro se motion for a new trial. The visiting judge to whom the motion was directed filed a motion to dismiss, asserting that no motion for a new trial was ever filed by Wright in his case. Wright responded to the motion, and the court of appeals dismissed the complaint.

**{¶ 4}** Wright appealed to this court.

*Analysis*

**{¶ 5}** To be entitled to a writ of procedendo, Wright must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶ 6}** In this case, there is no evidence that any motion for a new trial was ever filed. The docket for the case, attached to Judge Neihaus's motion to dismiss below, shows no such motion, and the copy of the motion attached to the complaint is not time-stamped by the clerk of the trial court. The partial transcript of a hearing in which the motion is mentioned shows only that the judge had never seen such a motion and is confused about whether it had been filed.

**{¶ 7}** As it does not appear that any motion for a new trial was ever successfully filed by Wright, he is not entitled to a writ of procedendo compelling the judge to rule on it.

**{¶ 8}** We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Christopher Wright, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____