[Cite as *State v. Gassaway*, 2019-Ohio-688.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Respondent

-vs-

FRANKLIN L. GASSAWAY

     Petitioner

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. CT2018-0073

O P I N I O N

CHARACTER OF PROCEEDING:    Writ of Procedendo

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    February 25, 2019

APPEARANCES:

For Respondent

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
GERALD V. ANDERSON II
ASSISTANT PROSECUTOR
27 North 5th Street, Suite 201
Zanesville, Ohio  43701

For Petitioner

FRANKLIN GASSAWAY
PRO SE
BELMONT CORR. INSTITUTION
68518 Bannock Road
St. Clairsville, Ohio  43950

*Wise, John, J.*

{¶1}    Petitioner Franklin Gassaway has filed a "Writ and Motion for Procedendo." The State of Ohio has filed a motion to dismiss.  Attached to the motion to dismiss is a copy of the order from the trial court denying Petitioner's motion for transcript at state expense.

{¶2}    The crux of the petition is a request for this Court to order the Court of Common Pleas to provide Petitioner with copies of pleadings, as well as a transcript at state expense.

{¶3}    The caption of the petition before us lists the State of Ohio as the Plaintiff, and Franklin Gassaway as the Defendant.  Gassaway is not the proper defendant in this case nor is the State of Ohio the Plaintiff. Petitioner has failed to name a proper respondent for an action which requests a writ of procedendo to issue.

{¶4}    The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96, *106, 12 N.E.2d 144, *149 (1937).

{¶5}    A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶6}    In this case, Petitioner has not averred that the trial court has refused to enter judgment.

{¶7}    Finally, Petitioner failed to comply with the requirements of R.C. 2969.25(A) which requires, "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶8}    Because Petitioner was not named a proper plaintiff or defendant, has not alleged any facts which would support a claim in procedendo, and has not complied with the requirements of R.C. 2969.25(A), the petition is dismissed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/d 0122